*Formatted for Electronic Distribution*                                                    *Not For Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

In re:
**Michael F. Montagne,**
              Debtor.

_____

**Ag Venture Financial
Services, Inc.**
              Plaintiff,
       v.
**Michael F. Montagne, John Montagne,
Diane Montagne, Montagne Heifers, Inc.,
Patenaude Grain, Ltd.,
Bourdeau Brothers, Inc.,**
              Defendants.

_____

Filed & Entered
On Docket
September 1, 2009

Chapter 12 Case
# 08-10916

Adversary Proceeding
# 08-1023

*Appearances:*     *Lisa Chalidze, Esq.*        *Gary Franklin, Esq. and*
                      *for Diane Montagne*           *Douglas Wolinsky, Esq.*
                                                         *for Ag Venture Financial*
                                                                            *Services, Inc.*

## ORDER
## Granting in Part and Denying in Part
## Diane Montagne's Motion for Relief from Judgment or Order

        On August 13, 2009, this Court issued a Memorandum of Decision and Order Granting Ag Venture's Cross-Motion for Summary Judgment and Denying Diane Montagne's and John Montagne's Motion for Summary Judgment on the Priority of Security Interests of Cash Proceeds (doc. ## 293, 294). On August 24, 2009, Diane Montagne filed a Motion for Relief from Judgment or Order (doc. # 300). In her motion, Ms. Montagne argued that the Court should make two "corrections" to the Memorandum of Decision. Ag Venture filed a memorandum in opposition to Diane Montagne's motion (doc. # 304) and Ms. Montagne filed a reply brief (doc. # 308).[1] The Court held a hearing on this motion, as well as other matters, on September 1, 2009.

        The "first requested correction" concerns the text of the last sentence of Material Undisputed Fact # 10, where the Court wrote: "Diane Montagne's counsel currently holds that $240,000 in a client trust

___

[1] The Chapter 12 Trustee has also submitted a Memorandum in Support of Diane Montagne's Motion for Relief from Judgment or Order (doc. # 302). However, the Trustee did not submit any argument on the cross-motions for summary judgment on the issue of the priority of the security interests in the cash proceeds – i.e., he did not challenge Ag Venture's position on priority. In this recently filed memorandum, the Trustee raises a number of legal arguments on the merits. "The Court will not consider arguments on the merits of a motion, in the context of a motion to reconsider, from a party who failed to file a timely opposition to the motion." Sensenich v. Ledyard National Bank (In re Campbell), 2008 WL 4773140 at *2 (Bankr. D.Vt. Aug. 21, 2008). Ag Venture also filed a brief in opposition to the Trustee's memorandum (doc. # 305).

account (doc. ## 251, ¶¶ 28, 32 and Ex. 15, and 274, ¶¶ 28, 32)." (doc. # 292, p. 4, ¶ 10). Ms. Montagne states that "this finding exceeds any of the factual statements asserted by the parties" (doc. # 300, p. 3). She explains that $240,000 of the cattle sale proceeds was paid to Ms. Montagne and placed into her attorney's trust account initially – and acknowledges that both of these points are undisputed. She then states:

> These funds stayed in Mrs. Montagne's Client Trust Account with [her attorney] until December 12, 2007, when projections for an appropriate initial retainer were revised and a payment procedure for attorneys' fees was established. A portion of the funds were then transferred pursuant to the advice of Mrs. Montagne's investment advisor. From time to time thereafter, Mrs. Montagne would cause funds to be transferred into [her attorney's] Client Trust Account as payment against fees. As Ag Venture is aware, those Client Trust funds were used to pay attorneys' fees as they were incurred.

Id. p. 2.

The Court finds that the statement that counsel "currently" holds $240,000 in a trust account is not supported in the record.[2] Consequently, the Court will amend the last sentence of Material Undisputed Fact ¶ 10 to read: "This check was deposited into the client trust account of Mrs. Montagne's counsel on December 3, 2007." Diane Montagne acknowledged that this fact is undisputed in her response to Ag Venture's Statement of Undisputed Material Facts (doc. # 274, ¶ 32) on the cross-motions for summary judgment. In addition, at the September 1, 2009 hearing on this motion, both Ag Venture's counsel and Diane Montagne's counsel agreed to this substitution. Accordingly, with regard to the statement in Undisputed Material Fact #10 in the Memorandum of Decision, the Court grants Ms. Montagne's Motion for Relief from Judgment or Order.

The second argument advanced by Ms. Montagne is that certain facts found by the Court in its Memorandum of Decision "preclude the legal conclusion flowing therefrom, namely, that the later-perfected security interest attaches to the previously-conveyed proceeds. Therefore, correction is required for factual and legal accuracy, and to prevent manifest injustice to Mrs. Montagne" (doc. # 300, p. 4). Specifically, Ms. Montagne takes issue with the Court's conclusion, arguing that the proceeds check she took was not subject to Ag Venture's security interest. Id. at pp. 4-9.

The standard for granting a motion to reconsider is strict in order to dissuade repetitive arguments on issues that the Court has already fully considered "where the moving party seeks solely to relitigate an issue already decided," Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), to "plug gaps in an original argument or to argue in the alternative once a decision has been made," In re Newberry, 2007 WL 2247588, *1 (Bankr. D.Vt. Aug. 2, 2007), or to give the moving party another bite at the apple by permitting argument on issues that could have been or should have been raised in the original motion. See Petition of Bird, 222 B.R. 229, 235 (Bankr. S.D.N.Y. 1998) (citing Federal Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir.1986)). A court may reconsider an earlier decision when a party can point to an inter-

---

[2] However, the Court also notes that the explanations provided by Ms. Montagne in her Motion for Relief from Judgment or Order as to what subsequently happened to those funds, or how much is currently in the attorney trust account, were not before the Court when it made its finding of undisputed material facts.

vening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. Marrero Pichardo v. Ashcroft, 374 F.3d 46, 55 (2d Cir. 2004) (citation and quotation omitted); Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason [be] permitted, to battle for it again"). A court should grant reconsideration when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," Shrader, 70 F.3d at 257, but ultimately the question is a discretionary one and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

Ms. Montagne has offered no intervening change of controlling law, no new evidence, or no argument concerning the need to correct a clear error or prevent manifest injustice that would warrant granting the motion for reconsideration. Instead, she has interposed completely new arguments (for example, related to 9A V.S.A. §§ 9-315(c) & (d), 9-317(b), and 9-332(a)) that were not before the Court when it decided the cross-motions on the priority of security interests in certain proceeds. In effect, her motion represents and attempt to relitigate an issue already decided by raising arguments that could have been raised in her papers, but were not. Such arguments are untimely and do not provide a basis for reconsideration or modification of the Court's ruling. The Court therefore denies that part of the Defendant's Motion for Relief from Judgment or Order that seeks reconsideration of the Court's determination that the later-perfected security interest attaches to the previously-conveyed proceeds.

SO ORDERED.

September 1, 2009  
Rutland, Vermont

_____  
Colleen A. Brown  
United States Bankruptcy Judge

3