UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

_____

In re:
**Michael F. Montagne,**
    *Debtor.*

_____

**Ag Venture Financial
Services, Inc.**
    *Plaintiff,*
   v.
**Michael F. Montagne, John Montagne,
Diane Montagne, Montagne Heifers, Inc.,
Patenaude Grain, Ltd.,
Bourdeau Brothers, Inc.,**
    *Defendants.*

_____

Filed & Entered
On Docket
September 9, 2009

Chapter 12 Case
# 08-10916

Adversary Proceeding
# 08-1023

*Appearances:*  Lisa Chalidze, Esq.    Gary Franklin, Esq.
     *for Diane Montagne*    *for Ag Venture Financial
                    Services, Inc.*

## ORDER
### Denying Ag Venture's Motion for Possession of Funds or Trustee Process, Sustaining Objections to that Motion, and Denying Motion for Expedited Relief as to That Motion

On August 20, 2009, the Plaintiff, Ag Venture Financial Services, Inc. ("Ag Venture") filed a motion for possession of funds and trustee process (doc. # 298) (the "Motion"). The notice of motion served with the Motion set September 15, 2009 as the deadline for filing objections to the Motion and set a hearing on the Motion for September 22, 2009. On August 27, 2009, the Court entered an Order (doc. # 303) setting an interim hearing on the Motion for September 1, 2009. On August 31, 2009, Defendant Diane Montagne filed opposition to the Motion (doc. # 307) and the Debtor filed an objection to the Motion (doc. # 310). At the September 1st hearing, the Court observed that the Motion, as filed, failed to set forth grounds for the extraordinary relief sought, declared that the date set for opposition papers in the notice of motion were still in effect, and that the parties in interest could supplement their briefs in support of and in opposition to the Motion up to the deadline set in the notice of motion. On September 2, 2009, Ag Venture filed a supplemental brief "to submit the declaration of Thomas J. Bellavance in support of the Motion" (doc. # 314, p. 1, ¶1). That supplemental brief asserted that:

> 3. There is no prejudice to any party resulting from the filing of this supplemental memorandum and declaration because the facts are not new, or are undisputed. Moreover, the objection is not until September 15, 2009 and Mrs. Montagne has ample time to make any response hereto.

> 4. Specifically, Mr. Bellavance's declaration sets forth the factual background (in addition to the facts already found by the Court in its August 13, 2009 Memorandum and Decision (Doc. 293)) on which Ag Venture relies to establish that it is likely to succeed on its claims against MHI and Mrs. Montagne. Mr. Bellavance's declaration also sets forth the fact that Ag Venture has not received any of the Proceeds from Mrs. Montagne and that at least $87,000 of the Proceeds have already been used by Mrs. Montagne to pay her legal fees. These facts establish that Ag Venture is entitled to possession of the Proceeds because there is a clear danger that the Proceeds will be spent or removed by Mrs. Montagne. See V.R.C.P. 4.1(b)(4).

Id. at p 2, ¶¶ 3-4. On September 4, 2009, Diane Montagne filed a Motion for Expedited Relief (doc. # 317), that, inter alia, requested that the Court consider an affidavit of David Rama (filed as an exhibit to Mrs. Montagne's affidavit in connection with the instant Ag Venture motion for possession and trustee process – doc. # 316), and set an evidentiary hearing on the Motion.

Although Ag Venture may be correct that parties who seek to oppose its Motion have ample opportunity to respond to Ag Venture's supplemental filing, the Court finds that, in the interest of justice and expediency, and to staunch the profuse bleeding of words and arguments over an issue that is ripe for disposition at this time, the Court will rule on the Motion without further briefing or a final hearing. The Court has considered the Motion, the objection and opposition to the Motion, the Ag Venture supplemental brief, and Diane Montagne's motion for expedited relief. This is a sufficient record for adjudicating the question of whether Ag Venture is entitled to possession or trustee process at this time as to certain assets of Defendant Diane Montagne.

In its Motion, Ag Venture seeks relief under Vermont Rules of Civil Procedure 4.1 and 4.2. These statutes set forth clear and substantial criteria for relief and, as this Court has ruled, while such relief is available in bankruptcy cases, it is "extraordinary" relief, not to be granted lightly:

> Pursuant to Fed. R. Bankr. Rule 7064, pre-judgment relief such as attachment and trustee process is available under the circumstances and in the manner provided by the law of the state in which the federal case is pending. Vermont law, therefore, determines the criteria which must be met in this proceeding in order for pre-judgment attachment and trustee process to be authorized. Applying the relevant provisions of V.R.C.P. Rule 4.1, the Court holds that, in order to obtain an attachment order in this proceeding, the Trustee must demonstrate: (1) a reasonable likelihood that he will recover judgment in this adversary proceeding; (2) that the defendant does not have a bond or other insurance sufficient to cover the anticipated amount of judgment; and (3) that there is a clear danger--shown by specific facts--that the attachable property will be sold to a bona fide purchaser, removed, concealed, damaged or destroyed by the defendant. See V.R.C.P. 4.1(b)(2) and (4). All three components of this burden of proof must be met as to each defendant against whom the Trustee seeks an order of attachment. The Trustee's burden to obtain an order authorizing trustee process is identical. See V.R.C.P. Rule 4.2. . . .
>
> The Second Circuit Court of Appeals has emphasized the unusual nature of this relief and the importance of courts insisting upon careful and thorough demonstration of the necessary elements of proof. See, e.g., Brastex Corp. v. Allen Intern., Inc., 702 F.2d 326 (2d Cir.1983). Affirming the district court, the Second Circuit quoted the lower

2

    court's instruction: "'We all know the Supreme Court has indicated that attachment is a drastic remedy and one not lightly to be given.'" Id. at 328. The Second Circuit went on to instruct that "since attachment is an extraordinary remedy created by statute in derogation of common law, the provision should be strictly construed in favor of those against whom it is employed." Id. at 332 (citing Siegel v. Northern Boulevard & 80th St. Corp., 31 A.D. 2d, 182, 183, 295 N.Y.S. 2d 804, 806 (1st Dep't 1968)).

Canney v. Capoccia (In re Daly & Sinnott Law Centers PLLC), 292 B.R. 796, 798 (Bankr. D.Vt. 2003). See also Flemming, Zulack, Williamson, Zauderer, LLP v. Morrow, 2008 WL 2227571 * 4 (D. Vt. May 29, 2008) (describing the requirements of V.R.C.P. Rule 4.1). Applying this well-established standard to the facts presented in the motion and supplemental papers filed by Ag Venture, the Court finds that Ag Venture has failed to set forth sufficient grounds to warrant this extraordinary relief.

    As a preliminary mater, the Motion presents as fact several statements which are not consistent with the record in this case. With regard to the Court's memorandum of decision addressing the priority of liens on certain proceeds (doc. # 312), the Motion states that "this Court summarily rejected Mrs. Montagne's arguments" (doc. # 298, p. 2), and that "The import of the ruling is that (on undisputed facts) Mrs. Montagne was at all times wrongfully in possession of the Proceeds, has no claim to and should immediately return the Proceeds, has wrongfully converted the Proceeds for her own use, and is liable for her wrongful conversion of the Proceeds." Id. It also asserts that "[v]irtually all of Mrs. Montagne's defenses to this [conversion] claim have by rejected by the Court in its August 13, 2009 Order." Id. at p. 4. These statements are, at best, inconsistent with, and at worst, a mischaracterization of, the Court's decision. The Court carefully and methodically analyzed Ms. Montagne's arguments, made no determination on the issue of conversion in that decision, and did not adjudicate the merits of Ms. Montagne's defenses to the conversion claim in that decision. The decision only addressed which parties had a perfected security interest in the proceeds of a certain cattle sale and the priority of such security interests.

    The Court has not yet made a determination on the cross-motions for summary judgment on the issue of conversion and no judgment has been issued in favor of Ag Venture with respect to its right to collect the $240,000 at issue from Ms. Montagne. Accordingly, the Court finds the Motion to be premature and therefore denies the Motion to the extent it seeks possession based upon entry of a money judgment against Ms. Montagne.

    With respect to the right to trustee process, Ag Venture must establish the three criteria set out in the Vermont statutes and case law, above. It has filed the required affidavit that it believes Diane Montagne has no bond or other insurance sufficient to cover the anticipated amount of judgment. Additionally, based upon the recent disclosure of Diane Montagne's attorney that most of the $240,000 has been expended, the Court finds it has a sufficient factual basis that there is a clear danger that any remaining proceeds might be dissipated or removed if trustee process is not granted. However, the record suggests that Ag Venture has known for many months that Ms. Montagne was expending the funds in question, at least in part, to fund

this litigation, and did not move for relief on that basis. Moreover, Ag Venture acknowledged in Court (at the September 1st hearing) that it never sought an escrow or other arrangement to prohibit Ms. Montagne from making use of the funds in question. Hence, the factor that focuses on risk of loss or dissipation weighs less heavily in this case than it would have if the moving party had taken all reasonable steps to promptly and diligently preserve the asset it was seeking to attach. Most important to this analysis, however, is that in order to obtain the relief it seeks, Ag Venture must show that there is a reasonable likelihood it will succeed on the merits and obtain a judgment against Ms. Montagne in an amount at least equal to the amount it seeks to attach. The burden is on the movant to establish this factor. The only basis upon which Ag Venture relies to show a likelihood of success is the Court's decision that determined the priority of its security interest. This is not sufficient to demonstrate a likelihood of success in obtaining a judgment against Ms. Montagne for $240,000, as there are still many open issues and defenses that must be addressed. Therefore, the Court finds that Ag Venture has failed to satisfy this crucial prong of the test imposed by V.R.C.P. Rules 4.1 and 4.2, and is not entitled to the extraordinary relief it seeks. See <u>Masjid Al-Tawheed, Inc. v. Town of Putney</u>, 2007 WL 201017 at * 2 (D. Vt. Jan. 23 2007) (holding that without sufficient factual allegations and legal argument establishing a reasonable likelihood of success, prejudgment attachment cannot be granted).

    Accordingly, IT IS HEREBY ORDERED that

1. Ag Venture's motion for Possession and Trustee Process is denied, based upon a lack of factual and legal justification for the relief sought;
2. the objections to the Motion filed by Diane Montagne (doc. # 307) and Michael Montagne (doc. # 310) are sustained; and
3. Diane Montagne's motion for expedited relief and hearing (doc. # 317) on the Motion is denied as moot.

SO ORDERED.

September 9, 2009  
Rutland, Vermont

Colleen A. Brown  
United States Bankruptcy Judge