*Formatted for Electronic Distribution*                                                                                      *Not for Publication*

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF VERMONT

_____

**Michael F. Montagne,**
         **Debtor-in-Possession.**

_____

**Ag Venture Financial Services, Inc.,**
         **Plaintiff,**

**v.**

**Michael F. Montagne,** *et al.,*
         **Defendants.**

_____

**Chapter 12 Case**
**# 08-10916**

Filed & Entered
On Docket
September 9, 2009

**Adversary Proceeding**
**# 08-1023**

*Appearances:*    Lisa Chalidze, Esq.                      Gary Franklin, Esq. and
                    *for Diane Montagne*              Douglas Wolinsky, Esq.
                                                                             *for Ag Venture Financial*
                                                                              *Services, Inc.*

## ORDER
### DENYING DIANE MONTAGNE'S MOTION FOR EXPEDITED RELIEF

      On September 1, 2009, the Court held a hearing in this adversary proceeding concerning Diane Montagne's Motion for Reconsideration of the Court's Memorandum and Decision and Order on Priority of Security Interests in Cash Proceeds (doc. # 300) and Ag Venture's Motion for Possession of Funds and Trustee Process (doc. # 299). The Court granted in part and denied in part Diane Montagne's reconsideration motion (doc. # 311) and allowed supplemental briefing on Ag Venture's motion for trustee process. During the colloquy, the Court stated that it would soon be issuing a memorandum of decision on the cross-motions for summary judgment, filed by Diane Montagne and Ag Venture, related to the conversion cause of action against Diane Montagne (Count X in Ag Venture's complaint (doc. # 30)).

      On September 4, 2009, Diane Montagne moved for "Expedited Relief for Court Consideration of Supplemental Opposition to Motion for Summary Judgment (Counts X and XII) based on Evidence of Waiver of Ag Venture Security Interest" (the "Motion") (doc. # 317). In this Motion, Ms. Montagne asked the Court to consider an affidavit from David Rama, filed on that date, in opposition to both Ag Venture's motion for trustee process (where leave to supplement had already been granted),[1] and motion for summary judgment on counts X and XII of its complaint, where briefing had already been completed. Diane Montagne stated that, on September 2, 2009, she "discovered new evidence" – contained in the Rama affidavit – "that establishes Ag Venture waived any security interest it had on November 29, 2007, prior to

_____

[1] Ag Venture's motion for trustee process, and the supplemental filings submitted by both Ag Venture and Diane Montagne, will be addressed in a separate Order.

1

perfection." Id. at p. 3. Ms. Montagne summarized the contents of the Rama affidavit that she had submitted as an exhibit to her own affidavit (doc. # 316):

> The [Rama] Affidavit and related Supplemental Memorandum set forth the evidence discovered on September 2 [2009] that after November 29, 200[7], Ag Venture no longer had any security interest to assert [in the livestock], because it waived any such interest by directing the issuer of the [$240,000] check, David Rama of the Cattle Exchange, to let the check clear rather than stop payment on it, in exchange for receiving the remaining $75,000 still due which was in fact sufficient to pay off any remaining debt on the Montagne Heifers, Inc. Loan (Loan 538).

(doc. # 317, p. 3.) From this fact, Ms. Montagne deduced that Ag Venture had waived its security interest in the $240,000, and contended that manifest injustice would result if the Court did not consider that evidence of waiver in relation to the motion for summary judgment on Counts X and XII of the complaint. Id. at 3-4. ). She added that "[t]his evidence could not previously have been put before the Court by Diane Montagne, as it was known to Ag Venture but not to her." Id. at 4.

As legal support for re-opening the pleadings on the motion for summary judgment based on the Rama affidavit newly-discovered evidence, Ms. Montagne cited Federal Rule of Civil Procedure 1 ("Rule 1"), which provides that the Federal Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Rule 1 is a "philosophical mandate" governing the Federal Rules, whose primary purpose is to "promote the ends of justice." Charles Alan Wright, Arthur R. Miller, 4 Fed. Prac. & Proc. Civ. 3d § 1029 (2009). Rule 1 provides the trial court with the discretion to balance efficiency in litigation with justice, on a case-by-case basis. Id. While cases do indicate that a court has "inherent authority to modify pre-trial procedural deadlines to serve the best interests of justice," Gomez v. Trustees of Harvard Univ., 676 F. Supp. 13, 15 (D.D. C. 1987), the three cases cited by Ms. Montagne are inapposite to the procedural posture of this Motion.

Moreover, the Court views the directives of Rule 1 in this instance to militate against granting Ms. Montagne's motion. The briefing period on the cross-motions for summary judgment on Counts X and XII has been closed.[2] Further, discovery in this litigation has been ongoing since 2008 in state court and has continued apace in this Court. The "just, speedy, and inexpensive" determination of the cross-motions on Counts X and XII is best served, in the Court's estimation, not by prolonging litigation but by short-circuiting an effort to add additional facts and argument to an overly-litigated dispute where the arguments seem to change in kaleidoscopic fashion. Diane Montagne's Motion does not serve the goal of a "just, speedy, and inexpensive" determination of the issues.

In addition, Ms. Montagne bases her Motion on "newly-discovered evidence." While there is no "newly-discovered evidence" standard under Rule 1, which is a procedural rather than substantive provi-

---

[2] Even with briefing completed, the Court granted Diane Montagne's motion to file a brief in excess of 15 pages on August 13, 2009 (doc. # 294), which filing (doc. # 292) replaced her earlier filed opposition to Ag Venture's motion for summary judgment and her cross-motion for summary judgment (doc. # 272). She has thus had ample opportunity to advocate her client's position.

sion, the Court turns to the "newly-discovered evidence" standard set out in Fed. R. Civ. P. 60(b)(2) (as incorporated in Fed. R. Bankr. P. 9024) to provide the criteria against which the Motion should be assessed. "Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation." Boule v. Hutton, 328 F.3d 84, 95 (2d Cir. 2003).

The evidence set forth in the Rama affidavit could have been discovered, with reasonable diligence, by Diane Montagne prior to filing the Motion. She observes that Ag Venture knew the facts about the November 29, 2007 conversation between Mr. Bellavance and Mr. Rama, but she did not. The reason why she did not know is important—and unstated. Her statement is a far cry from an allegation that Ag Venture fraudulently concealed the evidence such that she could not have had access to it. See Saud v. Bank of New York, 929 F.2d 916, 920 (2d Cir. 1991). Her explanation does not even begin to address what kinds of due diligence Ms. Montagne made on this topic such that this information was not available to her and why she failed to discover it and introduce it before now. For example, she has not indicated why she did not inquire about the details of the transaction from Mr. Rama, who appears to be quite forthcoming, during discovery. She has therefore failed to meet her burden of showing that the evidence could not have been discovered earlier with reasonable diligence.

Moreover, Diane Montagne's new argument and new facts about an alleged waiver of Ag Venture's security interest comes on the heels of this Court's decision holding that Ag Venture had a priority, perfected security interest in the proceeds of the sale of the livestock (doc. # 293, amended by doc. # 312). In that decision, the Court found that Ag Venture had not waived its security interest in the collateral or proceeds of the livestock sale (doc. # 293, p. 8). Nowhere in the Motion does Ms. Montagne specifically ask to have this new evidence considered as a basis for reconsideration of that decision. However, to the extent that Diane Montagne's Motion is in fact intended to serve as another motion for reconsideration of the Court's decision on proceeds, as the new evidence is directed to the issue of waiver of Ag Venture's security interest in the proceeds (and does not explain how it is relevant to the merits of the conversion or fraudulent transfer causes of action in the cross-motions for summary judgment on Counts X and XII), the Court denies the motion. The new facts do not constitute "newly discovered evidence," and there are no "exceptional circumstances" here that would permit the granting of such relief. Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008).

Accordingly, Diane Montagne's Motion seeking to interpose new factual and legal arguments in the cross-motions for summary judgment on Counts X and XII of Ag Venture's Complaint are hereby DENIED.

September 9, 2009                                         Colleen A. Brown
Rutland, Vermont                                          United States Bankruptcy Judge

3