**UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT**

_____

**In re:**

    **Michael F. Montagne,**                                                                    Chapter 12 Case
            **Debtor.**                                                                                # 08-10916

_____

**Ag Venture Financial
Services, Inc.,**                                         Filed & Entered
                                                          On Docket
        **Plaintiff,**                             November 13, 2009

    v.                                                                                              Adversary Proceeding
**Michael F. Montagne, John Montagne,**                                              # 08-1023
**Diane Montagne, Montagne Heifers, Inc.,
Patenaude Grain, Ltd.,
Bourdeau Brothers, Inc.,**
        **Defendants.**

_____

*Appearances:*      Jess Schwidde, Esq. and John Harrington, Esq., Attorneys for Debtor
                      Tavian Mayer, Esq., Attorney for Chapter 12 Trustee
                      Jan Sensenich, Esq., Chapter 12 Trustee
                      Gary Franklin, Esq. for Ag Venture Financial Services, Inc.

**ORDER
GRANTING DEBTOR'S MOTION TO DISMISS, DENYING DEBTOR'S REQUEST FOR DISGORGEMENT,
OVERRULING CHAPTER 12 TRUSTEE'S OBJECTION TO CLAIM,
AND DISMISSING AS MOOT OUTSTANDING OBJECTIONS TO ADMISSION OF EVIDENCE**

For the reasons set forth in the memorandum of decision of even date, the Court finds that Ag Venture has standing to enforce the lost June 13, 2002 commercial promissory note for loan # 321 under 9A V.S.A. § 3-309; that Ag Venture's amended proof of claim related to loan # 321 is sufficient under Rule 3001; that Ag Venture has violated 8 V.S.A. § 2233(a) of the Vermont Licensed Lender Act; and that the proper remedy under the statute is an order barring Ag Venture from enforcing loan # 321. Based upon these findings, the Court grants the Debtor's motion to dismiss the complaint with respect to enforcement of note # 321 (doc. # 280), denies the Debtor's request for an order directing Ag Venture to disgorge the sums it has already collected and/or applied on this loan (<u>id</u>.), and overrules the chapter 12 trustee's objection to claim (doc. # 283).

With respect to the objections raised to the admission of certain evidence introduced at the mini-trial, the Court declares them to be moot, in light of the findings, conclusions and determinations set forth in this memorandum of decision.

        SO ORDERED.

                                                                   _____
Rutland, Vermont                                                     Colleen A. Brown
November 13, 2009                                          United States Bankruptcy Judge