*Formatted for Electronic Distribution*                                                      *For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

**Michael F. Montagne,**                                                 **Chapter 12 Case**
                    **Debtor.**                                          **# 08-10916**
_____

**Ag Venture Financial**
**Services, Inc.,**
                    **Plaintiff,**                    Filed & Entered
            **v.**                                    On Docket                **Adversary Proceeding**
**Michael F. Montagne, John Montagne,**               November 17, 2009         **# 08-1023**
**Diane Montagne, Montagne Heifers, Inc.,**
**Patenaude Grain, Ltd.,**
**Bourdeau Brothers, Inc.,**
                    **Defendants.**
_____

*Appearances:*          *Gary Franklin, Esq. for Ag Venture Financial Services, Inc.*
                        *Lisa Chalidze, Esq. for Diane Montagne*

### MEMORANDUM OF DECISION
### GRANTING SUMMARY JUDGMENT TO AG VENTURE FINANCIAL SERVICES, INC. ON
### THE CONVERSION OF COLLATERAL CAUSE OF ACTION AGAINST DIANE MONTAGNE

On September 15, 2009, this Court issued a memorandum of decision (doc. # 328) on the motion of Ag Venture Financial Services, Inc. ("Ag Venture") for summary judgment against defendant Diane Montagne on Count XII of its amended complaint (doc. # 30). In that count, Ag Venture was seeking a determination that Mrs. Montagne converted a $240,000 check (the "Proceeds") from a sale of cattle by Montagne Heifers, Inc. (MHI). The livestock was collateral that MHI had pledged to Ag Venture to secure a $457,000 loan. In that decision, the Court held that Ag Venture had proven the elements of a conversion cause of action against Diane Montagne under Vermont law (doc. # 328, pp. 6-10). However, because Diane Montagne had raised a defense to conversion under 9A V.S.A. § 9-332, and neither the briefing nor the factual record had been sufficiently developed for the Court to determine whether that defense applied, the parties were permitted to further brief that issue (id. p. 12 and doc. # 329). The parties have filed their briefs. The threshold issue is a legal question: does the § 9-932 defense apply to the circumstances presented in this case? If it does, the Court will determine whether the collusion exception to that defense has been established.

For the reasons set forth below, the Court finds that the § 9-332 defense does not apply and therefore finds that Ag Venture is entitled to judgment, as a matter of law, on the conversion of collateral cause of action against Diane Montagne.

I. **Procedural History**[1]

On September 15, 2009, the Court issued a memorandum of decision which granted in part and denied in part plaintiff Ag Venture's motion for summary judgment on the conversion cause of action it had asserted against defendant Diane Montagne (doc. # 328). The Court concluded as follows:

> Ag Venture [is] entitled to immediate possession of the Proceeds upon the sale of the Collateral based on the text of the Security Agreement and Note; that Ag Venture, in its capacity as a lienholder, may bring a cause of action for conversion against Diane Montagne; that the Proceeds constitute "property" susceptible to a conversion claim; that Diane Montagne seriously interfered with Ag Venture's right to immediate possession of the Proceeds; and that the Undisputed Material Facts and applicable law demonstrate that the elements of conversion under Vermont law have been established. However, the Court also finds that Diane Montagne has properly interposed a possible defense to the conversion cause of action under § 9-332 which may be sufficient to preclude entry of judgment in favor of Ag Venture, but which cannot be adjudicated on the present record. Therefore, the Court grants in part Ag Venture's motion for summary judgment on the question of whether it has established the elements of conversion, but denies entry of judgment at this time because the defense under Vermont UCC § 9-332 has yet to be adjudicated. The Court denies Diane Montagne's cross-motion for summary judgment on the conversion claim, at this time, subject to her right to present evidence and further argument on the merits of this defense. The Court will give the Parties an opportunity to supplement their motions with respect to the § 9-332 defense if they wish to pursue further summary judgment on the conversion cause of action.

Id. p. 12.

The parties opted to supplement their cross-motions for summary judgment on the conversion claim: Ag Venture filed a memorandum of law (doc. # 341); Diane Montagne filed a brief in opposition (doc. # 342), a statement of undisputed facts (doc. # 343) and a statement of disputed facts (doc. # 344); and Ag Venture filed a reply brief (doc. # 345).

II. **Discussion**

A. Statute at Issue

The pertinent statute, 9A V.S.A. § 9-332, entitled "transfer of money; transfer of funds from deposit account," provides:

(a) A transferee of money takes the money free of a security interest unless the transferee acts in collusion with the debtor in violating the rights of the secured party.
(b) A transferee of funds from a deposit account takes the funds free of a security interest in the deposit account unless the transferee acts in collusion with the debtor in violating the rights of the secured party.
(emphasis added)

---

[1] This Memorandum of Decision assumes the reader's familiarity with the facts on the conversion issue, found in the September 15, 2009 Memorandum, doc. # 328 pp. 2-4.

The Official Comments to § 9-332 provide some insight as to the reach of this statute. Official Comment 2 states:

> This section affords broad protection to transferees who take funds from a deposit account and to those who take money. The term 'transferee' is not defined; however, the debtor itself is not a transferee. Thus this section does not cover the case in which a debtor withdraws money (currency) from its deposit account or the case in which a bank debits an encumbered account and credits another account it maintains for the debtor.

§ 9-332 cmt. 2. In addition, Official Comment 3 explains the policy behind the statute: "Broad protection for transferees helps to ensure that security interests in deposit accounts do not impair the free flow of funds. It also minimizes the likelihood that a secured party will enjoy a claim to whatever the transferee purchases with the funds." § 9-332, cmt. 3.[2] Finally, Official Comment 4 sets forth the collusion standard for bad actors: "To deal with the question of the 'bad actor,' this section borrows 'collusion' language from article 8. . . This is the most protective (i.e., least stringent) of the various standards now found in the UCC." § 9-332 cmt. 4.

"Money" is defined in 9A V.S.A. § 1-201(24) as "a medium of exchange authorized or adopted by a domestic or foreign government and includes a monetary unit of account established by an intergovernmental organization or by agreement between two or more nations."

"Check" is defined in 9A V.S.A. § 3-104, entitled "Negotiable instrument," as "(i) a draft, other than a documentary draft, payable on demand and drawn on a bank or (ii) a cashier's check or teller's check. An instrument may be a check even though it is described on its face by another term, such as "money order." § 3-104(f). Official Comment 1 to § 3-104 states that "the term 'negotiable instrument is limited to a signed writing that orders or promises payment of money. Money is defined in Section 1-201(24) and is not limited to United States dollars." § 3-104 cmt. 1. A check is a negotiable instrument. Roy v. Mugford, 161 Vt. 501, 506, 642 A.2d 688, 691 (1994).

B.  Legal Arguments

Both parties focus on whether § 9-332(a) applies to the conversion issue before the Court. Section 9-332(b) is, by its terms, inapplicable.

Ag Venture first asserts that § 9-332(a) does not apply because Diane Montagne is not a transferee of "money" under the statute. It cites the following undisputed facts:

> Mrs. Montagne took possession of a check made payable to her and Montagne Heifers, Inc. which expressly represented proceeds from the sale of Montagne Heifers, Inc. livestock ("Proceeds"). See Doc. No. 328, at 4. She then endorsed the check to her attorney. See id.

---

[2] Ag Venture is correct that the September 15, 2009 memorandum of decision (doc. # 328) misquoted Official Comment 3 to mistakenly include the words "cash proceeds" (doc. # 328, p. 11).

(doc. # 341, p. 2). Ag Venture concludes that since under the U.C.C. a check is not "money," and § 9-332 applies only where a transferee takes money, i.e., currency, this provision does not afford Diane Montagne any protection against the conversion claim. Id. p. 4. Ag Venture makes a number of other arguments concerning the policy reasons that underpin this view, but its main argument is that, under the plain terms of the statute, since Diane Montagne received a check, which was not the equivalent of money, § 9-332(a) does not apply. Id. pp. 3, 5. In the alternative, Ag Venture argues that, "at a minimum," there is a question of fact as to whether Diane Montagne acted in collusion with MHI, through Michael Montagne, but the undisputed facts nevertheless show that Mrs. Montagne's actions fit the definition of "acting in concert" found in the Restatement (Second) of Torts § 876, upon which a finding of collusion under § 9-332 must be based. Id. pp. 5-7.

Diane Montagne contends that Ag Venture's argument that "a check is not money" is "beside the point" (doc. # 342 p. 2). She points out that Ag Venture's motion for summary judgment explicitly argued that she had converted "money" by depositing $240,000 in her counsel's trust account and retaining it there; the only way she could have had that money is for it to have been transferred to her, which it was when the $240,000 check was presented for payment; no proceeds were transferred other than money; and the check was not "transferred" but rather "issued" to her. Id. p. 3. Citing 9A V.S.A. 3-104(a), (e) and (f), she insists that a "check is an order to the drawer's bank 'to pay a fixed amount of money'"; the check was issued, not transferred to her; transfer of a check "excludes issue of an instrument," per 9A V.S.A. § 3-203, Official Cmt. 1; she was a transferee of money and not a transferee of the check; and the Vermont Supreme Court commented on the equivalence of check and payment in Roy, 161 Vt. at 505-06. In the alternative, Diane Montagne asserts that 9A V.S.A. § 3-330 applies (doc. # 342, pp. 4-7).

On the facts, Mrs. Montagne claims that the evidence establishes a lack of collusion, the presence of "value," and lack of knowledge that she violated Ag Venture's rights. Id. pp. 7-9. To provide evidentiary support for this argument, she cites her affidavit attached to her brief, and the statements of disputed and undisputed facts (doc. ## 343, 344). She also notes that the motion for summary judgment on her counterclaim and other defenses remain unresolved (doc. # 342, p. 9).

In its reply memorandum, Ag Venture notes that Mrs. Montagne did not dispute that the check that she took was not "money" (doc. # 345, p. 3). It claims that she attempts to stretch the parameters of § 9-332 by arguing that she ultimately became a transferee of money when she presented the check for payment. Id. Ag Venture observes that Mrs. Montagne never received money – only a check that she endorsed to her counsel, who deposited it into the client trust account followed by additional debits and credits. Moreover, the Proceeds did not convert to "money" once deposited because "a bank account is a promise from the bank to the depositor to make payments as directed by the depositor, not money belonging to the depositor and held by the bank." The Business Bank v. White (In re Timothy Dean Rest. &

Bar), 342 B.R. 1, 12, n.13 (Bankr. D.D.C. 2006) (citing <u>Citizens Bank of Md. v. Strumpf</u>, 516 U.S. 16, 21 (1995)). <u>Id.</u> Ag Venture also contends that <u>Roy</u>, the only case cited by Diane Montagne, is not only not helpful to her, but makes the opposite point, namely that a person receiving a check receives only a conditional payment and is necessarily not receiving money. <u>Id.</u> pp. 3-4.

Ag Venture reiterates that Diane Montagne did not give value for the Proceeds (as she has consistently argued in her papers), because it was Mr. Montagne, not MHI, who was obligated to pay her $240,000. Therefore, Ag Venture argues § 9-330 is not applicable, and her position, that Ag Venture waived its security interest because it was aware of the agreement between the Montagnes and knew that she had received the Proceeds,  has no merit. <u>Id.</u> p. 4. It concludes that her remaining claims are irrelevant. <u>Id.</u> p. 5.

C.  Analysis

The dispositive question regarding Diane Montagne's § 9-332 defense to conversion is whether the provision applies in the first instance. According to the plain language of the statute, § 9-332(a) applies if a <u>transferee</u> takes <u>money</u>. Transferee, as Official Comment 2 notes, is not defined. The Vermont U.C.C. defines "transfer" of a negotiable instrument in 9A V.S.A. § 3-203. That provision concerns enforcement of such an instrument, and is not applicable here. The Court therefore turns to the everyday meaning of the term. Black's Law Dictionary (8th ed. 2004) defines transferee as "One to whom a property interest is conveyed." The Bankruptcy Code defines transfer as, among other things, "each mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with . . . an interest in property." <u>Rombro v. Dufrayne (In re Med Diversified, Inc)</u>, 461 F.3d 251, 258 (2d Cir. 2006) (quoting 11 U.S.C. § 101(54)). One can have a property interest both in a check and in money. The recipient of a check or money would therefore be a transferee. The Court finds that Diane Montagne was a transferee – a point she has not disputed.

The dispute is over what was transferred; the defendant argues that she was a transferee of <u>money</u>. By so doing, she endeavors to make money the equivalent of a check, since the established facts show that she received a check, not cash. She asserts that "a check is simply an order for payment of money, and clearly Mrs. Montagne was a transferee of money when the check was paid" (doc. # 342, p. 4). However, the U.C.C. clearly distinguishes between money and a check. As set forth above, "money" is defined as a medium of exchange – currency – while a check is a negotiable instrument, a draft payable on demand and drawn on a bank. A check does not fit into the definition of currency, and money does not fit into the definition of a check. They are not equivalent and they are not interchangeable terMrs. <u>See</u> 1A <u>Anderson on the Uniform Commercial Code</u> § 1-201:832 (3d ed. 2004) ("A check is not money, even when certified."). Therefore, Diane Montagne's effort to erase the distinction between a negotiable instrument (check) and money (currency) in order to fit within the parameters, and gain the protection, of the § 9-332

defense fails. As the § 9-332 defense does not apply, and as the Court has already found that Ag Venture has proven the elements of conversion, the Court grants Ag Venture's motion for summary judgment on Count XII of its complaint against Diane Montagne.

The additional arguments proffered by Mrs. Montagne do not alter this outcome. She attempts to create a distinction between a check being "transferred" and "issued" by referring to a sliver of a phrase from Official Comment 1 to 9A V.S.A.§ 3-203. However, § 3-203 is not applicable to this situation, as it concerns "transfer of instrument; rights acquired by transfer" – who can enforce a negotiable instrument that has been transferred. That was not an issue here, and the phrase quoted by Mrs. Montagne is completely out of context and inapposite to the instant facts. Further, as Ag Venture notes, the Roy case, rather than supporting Mrs. Montagne's position, undercuts it. The Roy Court held that a check is not a payment until it is accepted and paid by the drawee bank, and that payment "relates back to the time the check is delivered to the payee." 161 Vt. at 505, 642 A.2d at 690. While a check may constitute payment, Roy made it quite clear that the check was a "negotiable instrument" under 9A V.S.A. § 3-104 – not money, id. at 506, 642 A.2d at 691, and does not bring Mrs. Montagne any closer to having the § 9-332 defense apply.

The Court will not entertain the new argument – whether 9A V.S.A. § 9-330 applies – that Mrs. Montagne raises for the first time in her recently filed memorandum of law (doc. # 342, pp. 4-7). The memorandum of decision and order that the Court issued on the conversion cause of action (doc. ## 328, 329) were quite clear that the parties would only be permitted to brief whether § 9-332 applied. The Court did not issue an open invitation for the parties to make new, additional arguments. Mrs. Montagne has had ample opportunity to litigate this matter, and raise whatever issues she wished to raise; she does not have free rein to add new arguments at this time.

Because the Court has found § 9-332 inapplicable, it need not analyze whether the facts show that collusion occurred. The Court has considered the remaining arguments raised by Mrs. Montagne, to the extent they are not addressed here, the Court has found them without merit and/or inapposite.

Lastly, Mrs. Montagne observes that the request for summary judgment on her counterclaims in Ag Venture's original motion for summary judgment (doc. # 250) is still unresolved. The Court will address that aspect of the motion in due course.

### CONCLUSION

For the reasons set forth above, the Court concludes that the 9A V.S.A. § 9-332 defense does not apply to the circumstances of this case. Accordingly, the Court grants Ag Venture's motion for summary judgment (doc. # 250) on the conversion of collateral cause of action in its amended complaint against Diane Montagne (doc. # 30, Count XII).

This constitutes the Court's findings of fact and conclusions of law on this issue.

November 17, 2009                                      Colleen A. Brown
Rutland, Vermont                                      U.S. Bankruptcy Judge