*Formatted for Electronic Distribution*                        *For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:
      Michael F. Montagne,                          Chapter 12 Case
             Debtor.                               # 08-10916

*Filed & Entered On Docket May 4, 2010*

_____

**Ag Venture Financial Services, Inc.,**
             Plaintiff,
   v.                                     **Adversary Proceeding**
**Michael F. Montagne, et al.,**                    # 08-1023
             Defendants.
_____

*Appearances:*      Lisa Chalidze, Esq.              Gary L. Franklin, Esq.
                               Benson, VT                   Douglas J. Wolinsky, Esq.
                               For John Montagne       Primmer Piper Eggleston & Cramer PC
                                                              Burlington, VT
                                                              For Ag Venture Financial Services, Inc.

## ORDER
GRANTING IN PART & DENYING IN PART SUMMARY JUDGMENT TO AG VENTURE FINANCIAL SERVICES, INC. AS TO REMAINING COUNTERCLAIMS AND AFFIRMATIVE DEFENSE OF JOHN MONTAGNE

      For the reasons set forth in the memorandum of decision of even date, IT IS HEREBY ORDERED that Ag Venture's motion for summary judgment on John Montagne's remaining counterclaims and affirmative defense (doc. # 382) is GRANTED in part and DENIED in part.

      Ag Venture's motion for summary judgment on John Montagne's affirmative defense and counterclaim for breach of contract is GRANTED and judgment shall be entered in favor of Ag Venture on the issue of whether John Montagne may obtain relief based on:

     (1) any claims John Montagne is asserting on behalf of MHI or in his capacity as former shareholder of MHI;

     (2) any consideration John Montagne gave in the form of a promise to continue working at the MHI heifer facility; and

     (3) Ag Venture's alleged breach of an express term of the MHI loan agreement by failing to disburse MHI loan monies for the purpose of purchasing livestock.

Ag Venture's motion for summary judgment on John Montagne's affirmative defenses and counterclaim for breach of contract is DENIED as to:

(1) whether John Montagne has standing to assert a direct claim for his own damages;

(2) which contract John Montagne claims Ag Venture breached;

(3) whether John Montagne incurred debt in consideration of the MHI loan;

(4) whether Ag Venture breached the MHI loan agreement by taking a payment from the milk check assignment in excess of the repayment amount specified in the MHI loan documents; and

(5) whether Ag Venture breached the MHI loan agreement by failing to apply the monies received from the milk check assignment to reduce the balance of the MHI loan.

Ag Venture's motion for summary judgment on John Montagne's counterclaim for breach of the implied covenant of good faith and fair dealing is GRANTED and judgment shall be entered in favor of Ag Venture on the issue of whether John Montagne may obtain relief based on Ag Venture's conduct prior to the MHI loan agreement. Ag Venture's motion for summary judgment on John Montagne's counterclaim for breach of the implied covenant of good faith and fair dealing is DENIED on the issue of whether John Montagne's counterclaim is based on conduct distinct from the conduct underlying the alleged breach of contract.

Ag Venture's motion for summary judgment on John Montagne's counterclaim for negligence is GRANTED and judgment shall be entered in favor of Ag Venture on the issue of whether John Montagne may obtain relief based on Ag Venture's conduct in its capacity as a lender, tax preparer, or payroll administrator. Ag Venture's motion for summary judgment on John Montagne's counterclaim for negligence is DENIED on the issue of whether Ag Venture was acting as financial advisor to John Montagne and had sole control over the milk check assignment monies and the account into which they were deposited such that the exception to the economic-loss rule might apply.

Ag Venture's motion for summary judgment on John Montagne's counterclaim based upon commercial unreasonableness and Ag Venture's alleged violation of section 2233 of the Vermont Licensed Lender Act, 8 V.S.A. § 2233, ("LLA") is GRANTED and judgment shall be entered in favor of Ag Venture on the issue of whether John Montagne may obtain relief based on:

(1) an independent counterclaim for failure to act in a commercially reasonable manner based; and

(2) a recovery of damages under section 2233 of the LLA.

Ag Venture's motion for summary judgment on John Montagne's counterclaim for violation of the LLA is DENIED on Ag Venture's request for relief based on John Montagne's failure to specify the law Ag Venture allegedly violated.

2

    Ag Venture's motion for summary judgment on John Montagne's counterclaim for punitive damages is GRANTED and judgment shall be entered in favor of Ag Venture on the issue of whether John Montagne may obtain relief based on Ag Venture's alleged conduct relating to John Montagne's counterclaim for violation of the LLA and affirmative defense and counterclaim for breach of contract. Ag Venture's motion for summary judgment on John Montagne's counterclaim for punitive damages is DENIED on the issue of whether Ag Venture's alleged conduct relating to John Montagne's counterclaim for breach of the implied covenant of good faith and fair dealing and counterclaim for negligence constitutes actual malice.

    IT IS FURTHER ORDERED that the parties may present evidence at trial on all material facts related to the issues on which Ag Venture's motion for summary judgment was denied.

    SO ORDERED.

May 4, 2010  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge