*Formatted for Electronic Distribution*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
May 10, 2010

_____

In re:

    Michael F. Montagne,                                    Chapter 12 Case
        Debtor.                                                    # 08-10916
_____

Ag Venture Financial Services, Inc.,
        Plaintiff,
    v.                                                      Adversary Proceeding
Michael F. Montagne, <u>et al.</u>,                     # 08-1023
        Defendants.
_____

*Appearances:*    Lisa Chalidze, Esq.          Gary L. Franklin, Esq.
                       Benson, VT                        Douglas J. Wolinsky, Esq.
                       For Diane Montagne          Primmer Piper Eggleston & Cramer PC
                                                          Burlington, VT
                                                          For Ag Venture Financial Services, Inc.

**MEMORANDUM OF DECISION**
GRANTING SUMMARY JUDGMENT TO AG VENTURE FINANCIAL SERVICES, INC.
AS TO REMAINING COUNTERCLAIMS OF DIANE MONTAGNE

       Ag Venture Financial Services, Inc. ("Ag Venture") filed an amended complaint (doc. # 30) in state court, in which two counts, one for fraudulent conveyance (Count X) and one for conversion (Count XII) sought relief against Diane Montagne. Mrs. Montagne responded by filing a counterclaim interposing eleven causes of action against Ag Venture (doc. # 83), and the action was subsequently removed to this Court. Both parties filed cross-motions for summary judgment on the conversion and fraudulent transfer causes of action, and the causes of action in the counterclaim. On November 17, 2009, this Court entered a decision granting Ag Venture summary judgment on its cause of action for conversion (Count XII) against Diane Montagne (doc. # 352). On December 18, 2009, this Court entered a decision granting Ag Venture's motion for summary judgment, and denying Diane Montagne's motion for summary judgment, on eight of the eleven causes of action set out in the counterclaim (doc. # 371). The parties did not address the three remaining counterclaims for unclean hands, indemnification, and punitive damages.

       On January 26, 2010, Ag Venture filed a motion for summary judgment on those remaining three counterclaims (doc. # 383), and withdrew its only outstanding cause of action (for fraudulent conveyance

1

(Count X)) against Diane Montagne (doc. # 383-1, pp. 4–5). In her opposition to Ag Venture's instant motion for summary judgment (doc. # 398), Diane Montagne withdrew her counterclaim for unclean hands (doc. # 398, p. 1), thus leaving for adjudication counterclaims seeking indemnification and punitive damages. For the reasons set forth below, the Court grants Ag Venture's motion for summary judgment as to both of Diane Montagne's remaining counterclaims.

## JURISDICTION AND RELEVANT LAW

This Court has jurisdiction over this adversary proceeding and Ag Venture's motion for summary judgment under 28 U.S.C. §§ 1334, 157(b)(2)(B) and (C), and the parties' stipulation to this Court's entry of a final judgment on the causes of action relating to this Title 11 case. See doc. # 144, pp. 2–3. As Diane Montagne asserts only state law causes of action and defenses in her remaining counterclaims, state law must guide this Court's analysis and determination of the issues. See Butner v. United States, 440 U.S. 48, 54 (1979).

## UNDISPUTED FACTS

Based upon the extensive record in this case, and in the absence of a stipulation of undisputed material facts, the Court finds the following facts to be undisputed:

1. On December 31, 1998, Michael and Diane Montagne executed and delivered to Ag Venture a promissory note in the original principal amount of $580,000. The promissory note was secured by a commercial mortgage dated December 31, 1998, and recorded in the St. Albans Town Land Records on January 13, 1999 (doc. # 30, ¶ 9; doc. # 145, ¶ 9).
2. On June 16, 2005, Michael and Diane Montagne executed a line of credit promissory note in the original principal amount of $100,000 (doc. # 30, ¶ 15; doc. # 145, ¶ 15).
3. On November 18, 2005, Montagne Heifers, Inc. ("MHI") executed a promissory note in the original principal amount of $457,000 (doc. # 30, ¶ 18; doc. # 145, ¶ 18).
4. On or about September 17, 2007, at the request of Michael and Diane Montagne, Ag Venture executed and delivered to Diane Montagne a release, releasing Diane Montagne from all her obligations pursuant to the promissory notes, a security agreement, and a guaranty (doc. # 30, ¶ 20; doc. # 145, ¶ 20).
5. Michael Montagne, in his capacity as the president of MHI, distributed a payment of $240,000 to Diane Montagne. It was not distributed to Ag Venture or held by MHI for its creditors (doc. # 30, ¶ 23; doc. # 145, ¶ 23).

2

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2); Fed. R. Bankr. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The substantive law identifies which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248. Factual disputes that are irrelevant or unnecessary are not material. See id. The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. See Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. See Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004); Delaware & Hudson Ry. Co. v. Consolidated Rail Corp., 902 F.2d 174, 177–78 (2d Cir. 1990). If the opposing party does not come forward with specific facts to establish an essential element of that party's claim on which it has the burden of proof at trial, the moving party is entitled to summary judgment. See Celotex, 477 U.S. at 323–25 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case"); see also State v. G.S. Blodgett Co., 163 Vt. 175, 180, 656 A.2d 984, 988 (Vt. 1995).

## DISCUSSION

Ag Venture's motion for summary judgment focuses on the alleged absence of evidence to support Diane Montagne's remaining counterclaims. Therefore, the Court focuses its decision on that basis for summary judgment, rather than the more typical question of whether there is a material dispute of fact that requires a trial. See Celotex, 477 U.S. at 325.

A.   **Indemnification**

The gravamen of Ag Venture's motion with respect to indemnification is that Diane Montagne's counterclaim fails as a matter of law because there is no evidence (i) that Diane Montagne is being held to pay debts because of any legal obligation to answer for the actions of Ag Venture or (ii) that Diane

3

Montagne and Ag Venture are joint tortfeasors (doc. # 383, p. 4; doc. # 418, pp. 2–3). See Celotex, 477 U.S. at 325.

The right to indemnity "is a long recognized exception to the common law rule precluding contribution among or between joint tortfeasors . . . and recognizes a right of indemnity even though two parties may each be equally liable to a third, if (a) there is an express agreement or undertaking by one to indemnify the other, or (b) the circumstances are such that the law will imply such an undertaking." Bardwell Motor Inns, Inc. v. Accavallo, 135 Vt. 571, 572, 381 A.2d 1061, 1062 (Vt. 1977); see also Knisely v. Central Vermont Hosp., 171 Vt. 644, 646, 769 A.2d 5, 8 (Vt. 2000). "Indemnification accrues 'to a party who, without active fault, has been compelled by some legal obligation, such as a finding of vicarious liability, to pay damages occasioned by the negligence of another.'" Knisely v. Central Vermont Hosp., 171 Vt. at 646, 769 A.2d at 8 (quoting Morris v. Amer. Motors Corp., 142 Vt. 566, 576, 459 A.2d 968, 974 (Vt. 1982)). "The relationship of the parties must be 'such that the obligations of the alleged indemnitor extend not only to the injured person, but also to the indemnitee." Loli of Vermont, Inc. v. Stefandl, 968 F.Supp. 158, 161 (D. Vt. 1997) (quoting Hiltz v. John Deere Indus. Equip. Co., 146 Vt. 12, 14–15, 497 A.2d 748 (Vt. 1985)).

Vermont does recognize a theory of implied indemnification, but it is very limited in scope. "Implied indemnity should be imputed 'only when equitable considerations concerning the nature of the parties' obligations to one another or the significant difference in the kind or quality of their conduct demonstrate that it is fair to shift the entire loss occasioned by the injury from one party to another.'" Knisely v. Central Vermont Hosp., 171 Vt. at 646, 769 A.2d at 8 (quoting White v. Quechee Lakes Landowners' Ass'n, 170 Vt. 25, 29, 742 A.2d 734, 737 (Vt. 1999). "Implied indemnification is usually appropriate only when the indemnitee is vicariously or secondarily liable to a third person because of some legal relationship with that person or because of the indemnitee's failure to discover a dangerous condition caused by the act of the indemnitor, who is primarily responsible for the condition." Id. (quotation and citations omitted). There are "two types of circumstances that must exist in order to find an implied right of indemnity. One, the indemnitee must be free from active fault. Two, the duty at issue must extend both to the injured person and the indemnitee." Loli of Vermont, Inc. v. Stefandl, 968 F.Supp. at 162.

Diane Montagne's counterclaim for indemnification alleges that Ag Venture is obligated to indemnify her against "any and all costs, fees, liability, judgment, award, settlement or other detriment

4

she incurs by virtue of the suit" brought by Bourdeau Brothers, Inc. ("BBI") against her (doc. # 83, ¶ 90).[1] Mrs. Montagne further alleges, in her summary judgment opposition papers, that Ag Venture defeated Michael Montagne's ability to refinance the BBI debt in his name alone, that if the refinancing had gone forward it would have insulated Diane Montagne from any liability for that debt, and that indemnification should therefore be implied because of the significant difference in their conduct (doc. # 398, pp. 3–6). There is no indication in the record, and Diane Montagne does not allege, that she and Ag Venture are jointly liable to BBI. This is essential for the indemnification exception to the common law rule precluding contribution among or between joint tortfeasors to apply. See Bardwell Motor Inns, Inc. v. Accavallo, 135 Vt. at 572, 381 A.2d at 1062 (recognizing right of indemnity as an exception to the rule precluding contribution between tortfeasors); see also Knisely v. Central Vermont Hosp., 171 Vt. at 646, 769 A.2d at 8.

Diane Montagne cites four cases for the proposition that implied indemnity is an equitable right that, described broadly, may be applied when a significant difference in the kind or quality of the parties' conduct makes it fair to shift the loss from one party to another (see doc. # 398, pp. 2–3). Mrs. Montagne is correct that indemnification should be implied only when equitable. However, her argument fails because it does not recognize the prerequisite for such equitable relief. Indemnification is an exception to the common law rule precluding contribution among or between joint tortfeasors, and thus requires that the indemnitee and proposed indemnitor be jointly liable to a third party. Each of the four cases Diane Montagne cites addresses the liability of joint tortfeasors to a third party. See City of Burlington v. Arthur J. Gallaher & Co., 173 Vt. 484, 486–87, 788 A.2d 18, 21 (Vt. 2001) (underwriter was not entitled to indemnification from insurance broker where underwriter's obligation to city arose out of an insurance policy it issued to the city and not as a result of the insurance broker's untimely notice of a lawsuit against the city); Knisely v. Central Vermont Hosp., 171 Vt. at 646–47, 769 A.2d 5 at 8–9 (hospital was not entitled to indemnification from waste-monitor contractor where hospital's obligation to anesthesiologist arose from its non-delegable duty to make its workplace safe and where contractor had agreed only to test anesthesia machinery, not to repair ventilation system); Morris v. Amer. Motors Corp., 142 Vt. at 576–77, 459 A.2d at 974 (car manufacturer was entitled to indemnification from component manufacturer in negligence action arising from injuries sustained by car owner as a result of the defective component); Bardwell Motor Inns, Inc. v. Accavallo, 135 Vt. at 572–74, 381 A.2d at 1062–63 (hotel was entitled to

---

[1] In a related adversary proceeding, BBI filed a second amended complaint (AP # 08-1024, doc. # 263), in which four counts, one for breach of duty, agreement, and obligation to pay note account in full (Count I), two for breach of promise and agreement to fully pay and retire open accounts (Count II and Count III), and one for unjust enrichment (Count IV) sought relief against Diane Montagne. None of the counts in BBI's second amended complaint seek relief against Ag Venture.

indemnification from contractors for injuries sustained by hotel patron due to contractors' negligence in making repairs on hotel premises).

Ag Venture is entitled to judgment as a matter of law because Diane Montagne has presented no evidence of facts showing either that Ag Venture owes a duty to BBI or that Ag Venture is primarily responsible for the fact that she is obligated to BBI, as is necessary to establish a right to indemnification from Ag Venture. Accordingly, Ag Venture's motion for summary judgment on Diane Montagne's counterclaim for indemnification is GRANTED.[2]

**B.     Punitive Damages**

Ag Venture's position with respect to Diane Montagne's counterclaim for punitive damages is that it fails as a matter of law because there is no evidence of actual damages, a prerequisite to punitive damages. Ag Venture points out that Diane Montagne has no outstanding counterclaims, and thus no basis for obtaining an award of damages against Ag Venture (doc. # 383, p. 3; doc. # 418, p. 4). Moreover, Ag Venture argues that Diane Montagne has presented no evidence that Ag Venture acted with actual malice (doc. # 383, pp. 3–4), which is likewise crucial to recovery of punitive damages. See Celotex, 477 U.S. at 325.

The Vermont Supreme Court has been clear that a party seeking a punitive damages award must first show actual damages. See, e.g., McCormick v. McCormick, 159 Vt. 472, 479, 621 A.2d 238 (Vt. 1993) ("Punitive or exemplary damages presuppose the existence of actual damages") (citation omitted); Powers v. Judd, 150 Vt. 290, 294, 553 A.2d 139, 141 (Vt. 1988) ("Punitive damages may not be awarded, however, unless actual damages have first been established by the injured party") (citation omitted); see also Vescio v. Merchs. Bank, 272 B.R. 413, 440 (D. Vt. 2001) ("Actual damages, under Vermont law, are required for the imposition of punitive damages.") (citations omitted).

A party seeking punitive damages must also show actual malice, and in a breach of contract action, that the breach has the character of a willful and wanton or fraudulent tort. "Punitive damages are generally not available in breach of contract actions. We recognize an exception to this general rule for cases in which the breach has the character of a wilful and wanton or fraudulent tort, and when the evidence indicates that the breaching party acted with actual malice." Monahan v. GMAC Mortg. Corp., 2005 VT 110, ¶ 53, 179 Vt. 167, 187, 893 A.2d 298, 315–16 (Vt. 2005) (citation omitted). "[P]unitive damages are available in tort actions for breach of the implied covenant of good faith if, as with all other tort actions, the plaintiff can show that the defendant's conduct demonstrates actual malice." Id. at ¶ 54,

---

[2] As the Court has granted summary judgment in favor of Ag Venture on Diane Montagne's counterclaim for indemnification, there is no need for the Court to consider Mrs. Montagne's argument that indemnification should include damages in the form of her attorney's fees and expenses incurred as a result of having to defend litigation commenced by BBI (see doc. # 398, p. 2).

6

n.5, 179 Vt. at 187, n.5, 893 A.2d 316, n.5. "[A]ctual malice may be shown by conduct manifesting personal ill will or carried out under circumstances evidencing insult or oppression, or even by conduct showing a reckless or wanton disregard of one's rights." Id. at ¶ 56, 179 Vt. at 188, 893 A.2d at 317 (quotation and citation omitted). In addition, "[b]ecause the purpose of punitive damages is to punish conduct that is 'morally culpable' and 'truly reprehensible,' [the Vermont Supreme Court] has set a high bar for plaintiffs seeking such damages." Id. at ¶ 55, 179 Vt. at 188, 893 A.2d at 316 (citation omitted).

Diane Montagne's counterclaim for punitive damages alleges that Ag Venture's conduct "renders it liable for punitive damages under the law of Vermont" (doc. # 83, ¶ 88). Mrs. Montagne alleges in her summary judgment opposition papers that "Ag Venture's conduct in withholding the anticipated refinancing unless [Michael] Montagne consented to help Ag Venture defraud the federal government to obtain payment for Ag Venture and BBI, thereby directly and proximately exposing Mrs. Montagne to the BBI collection action, constitutes the requisite 'reckless or wanton disregard' of rights to support a claim for punitive damages" (doc. # 398, p. 7). Even if Diane Montagne could prove these allegations, that would not be sufficient to establish a right to punitive damages. The Court addressed above Diane Montagne's sole other remaining counterclaim for indemnification, and granted Ag Venture's motion for summary judgment (see § A, supra). Thus, Diane Montagne has no remaining cause of action upon which she may be awarded actual damages, a necessary prerequisite for the imposition of punitive damages. See Vescio v. Merchs. Bank, 272 B.R. at 440.

Mrs. Montagne cites two cases for the proposition that conduct showing a reckless or wanton disregard of the plaintiff's rights may constitute actual malice to support an award of punitive damages (see doc. # 398, p. 7). Mrs. Montagne is correct that a showing of actual malice is required to obtain punitive damages. However, her argument fails because it does not recognize the prerequisite for such an award. Both of the cases Diane Montagne cites addressed a separate cause of action with an award of actual damages, upon which an additional award of punitive damages could be based. See Monahan v. GMAC Mortg. Corp., 2005 VT 110 at ¶ 1, 179 Vt. at 169, 893 A.2d at 303 (affirming jury verdict awarding plaintiffs compensatory and consequential damages for their claims for breach of escrow and breach of the implied covenant of good faith and fair dealing, and vacating award of punitive damages); Ainsworth v. Franklin County Cheese Corp., 156 Vt. 325, 326, 592 A.2d 871, 872 (Vt. 1991) (affirming jury verdict awarding plaintiff compensatory and punitive damages for his claim for nonpayment of vested severance benefits). This must be distinguished from the facts at bar where Mrs. Montagne has no other cause of action pending against Ag Venture.

Ag Venture is entitled to judgment as a matter of law because Diane Montagne has no cause of action pending that could result in an award of actual damages. Accordingly, Ag Venture's motion for summary judgment on Diane Montagne's counterclaim for punitive damages is GRANTED.

## CONCLUSION

For the reasons set forth above, Ag Venture's motion for summary judgment on Diane Montagne's remaining counterclaims for indemnification and punitive damages is GRANTED. The Court has considered all of the arguments of the parties, and to the extent any argument is not specifically addressed herein it is because the Court has found it to be without merit.

This memorandum of decision constitutes the Court's findings of facts and conclusions of law.

May 10, 2010　　　　　　　　　　　　　　　　　　　　Colleen A. Brown
Burlington, Vermont　　　　　　　　　　　　　　　　United States Bankruptcy Judge