*Formatted for Electronic Distribution*                    *Not For Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket
May 12, 2010

_____

**In re:**

    **Michael F. Montagne,**                             **Chapter 12 Case**
                **Debtor.**                                            **# 08-10916**

_____

**Michael Montagne,**
                **Plaintiff,**

    v.                                                  **Adversary Proceeding**
**Ag Venture Financial Services, Inc.,**              **# 08-1022**
                **Defendant.**

_____

**Ag Venture Financial Services, Inc.,**
                **Plaintiff,**

    v.                                                  **Adversary Proceeding**
**Michael F. Montagne, et al.,**                        **# 08-1023**
                **Defendants.**

_____

## ORDER
### GRANTING IN PART AND DENYING IN PART THE DEBTOR'S MOTION TO AMEND COMPLAINT, SETTING TRIAL DATES, ESTABLISHING DUE DATE FOR STIPULATED FINAL PRE-TRIAL STATEMENT, AND CLARIFYING PROCEDURAL POSTURE OF MATTERS TO BE TRIED

      Ag Venture Financial Services, Inc. ("Ag Venture") filed an amended complaint (AP # 08-1023, doc. # 30) in state court, and Michael Montagne (the "Debtor") responded by filing an answer asserting multiple affirmative defenses and counterclaims against Ag Venture (AP # 08-1023, doc. # 113). That action was subsequently removed to this Court. On October 2, 2008, the Debtor filed a complaint against Ag Venture in a separate adversary proceeding in this Court (AP # 08-1022, doc. # 1). On May 5, 2010, the Debtor filed the instant motion to amend his complaint (AP # 08-1022, doc. # 147). Trial of both adversary proceedings is currently scheduled to commence on May 25, 2010 (AP # 08-1022, doc. # 142; AP # 08-1023, doc. # 437).

      After due consideration of the arguments presented in support of the Debtor's motion to amend, and the record in the chapter 12 case as well as in these two adversary proceedings,

IT IS HEREBY ORDERED that the Debtor's motion is GRANTED to the extent the Debtor moves to amend the complaint to clarify the persons referenced, including:

(1) changing "Bellavance" to "Thomas J. Bellavance, president of Ag Venture" and changing "Mr. and Mrs. Montagne" to "Debtor and his wife, Diane Montagne" in paragraph 9; and
(2) changing "Defendants" to "Ag Venture" and "Plaintiff" to "Debtor" in paragraphs 75 and 76.

IT IS FURTHER ORDERED that the Debtor's motion is GRANTED to the extent the Debtor moves to amend the complaint to strike any portion thereof, including:

(1) the caption;
(2) the title;
(3) the introductory paragraph;
(4) paragraphs 3–4, 9–19, 21–29; 31–59, 63, 66–68, 71–73; 75–87; and
(5) the date and signature.

IT IS FURTHER ORDERED that the Debtor's motion is GRANTED to the extent the Debtor moves to amend the complaint to correct grammatical errors as a result of striking any portion thereof, including:

(1) changing "were" to "was" in paragraph 66;
(2) changing "the two lawsuits" to "its lawsuit" in paragraph 71;
(3) changing "neither Ag Venture nor BBI would" to "Ag Venture would not" in paragraph 72; and
(4) changing "their" to "its" in paragraph 78.

IT IS FURTHER ORDERED that the Debtor's motion is GRANTED to the extent the Debtor moves to amend the complaint to allege that Ag Venture lacks prudential standing to enforce certain promissory notes, including:

(1) inserting paragraph 11;
(2) inserting paragraph 12F; and
(3) inserting the portion of paragraph 77A that states "Ag Venture's claims on its several loans are void or unenforceable for the reasons alleged above, including Ag Venture's lack of standing as a holder or a person with rights of a holder of the respective promissory notes;"

since the issue of standing may be raised at any time. See Ag Venture Fin. Servs. v. Montagne (In re Montagne), 421 B.R. 65, 79 (Bankr. D. Vt. 2009) ("Cases have held that the question of prudential standing may be raised at any stage of the proceedings, and even if the parties themselves have not raised the issue"); (citing MainStreet Org. of Realtors v. Calumet City, 505 F.3d 742, 747–48 (7th Cir. 2007); Thompson v. County of Franklin, 15 F.3d 245, 248 (2d Cir. 1994) (examining subject matter jurisdiction, including prudential standing, sua sponte, even when court below had not passed on it and if parties failed to raise it, because it implicates the court's subject matter jurisdiction)).

IT IS FURTHER ORDERED that the Debtor's motion is GRANTED to the extent the Debtor moves to amend the complaint to clarify the basis of its cause of action against Ag Venture based upon preferential transfer, including:

(1) inserting paragraph 12D;
(2) inserting paragraph 12E;

2

(3) inserting the portion of paragraph 15 that states "Alternatively, if the Court should determine that Ag Venture's claimed security interest in Debtor's cattle was not judicially enforceable in an action to collect on Loan No. 36, but that nevertheless the Debtor is not entitled to recovery or reallocation of such payment, and if the Court further determines in this and related Adversary Proceedings that the amounts owed by the Debtor to Ag Venture and Bourdeau Brothers are sufficiently great to render the Debtor insolvent as of September 26, 2008, then said transfer and application of funds constitute a preferential transfer avoidable pursuant to 11 U.S.C. §547(b)";

(4) inserting substantially the same portion of paragraph 17 regarding Loan No. 584;

(5) inserting substantially the same portion of paragraph 19 regarding Loan No. 517;

(6) inserting substantially the same portion of paragraph 19A regarding Loan No. 516;

(7) inserting the portion of paragraph 19B that states "Alternatively, because Ag Venture held no security interest in Debtor's cattle to secure the repayment of preclosing advances, if the Court determines in this and related Adversary Proceedings that the amounts owed by the Debtor to Ag Venture and Bourdeau Brothers are sufficiently great to render the Debtor insolvent as of September 26, 2008, then said transfer and application of funds constitute a preferential transfer avoidable pursuant to 11 U.S.C. §547"; and

(8) amending paragraphs 84–86 as proposed.

IT IS FURTHER ORDERED that the Court shall supplement this order to grant any other portion of the Debtor's motion to amend the complaint to which Ag Venture consents, if Ag Venture files its consent to such additional amendments **by noon on Friday, May 14, 2010.**

IT IS FURTHER ORDERED that in all other respects the Debtor's motion to amend the complaint is DENIED, because (i) the motion was filed just three weeks before trial in a complex case where the litigation has been ongoing for two and a half years,[1] and (ii) the proposed amendments that were not granted above generally either assert new causes of action or duplicate requests for relief already pending in the companion adversary proceeding (in the form of a counterclaim or affirmative defense) and thus would unduly complicate the litigation and/or prejudice other parties.  See Zahra v. Town of Southold, 48 F.3d 674, 686 (2d Cir. 1995) (affirming denial of motion to amend complaint when motion was filed two and a half years after commencement of action, and three months prior to trial); see also Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990) (affirming denial of motion to amend complaint when motion was filed more than seventeen months after bringing suit, more than six months after filing second amended complaint, and more than one month after responding to motion for summary judgment).

IT IS FURTHER ORDERED that where this Court has denied the Debtor's request to insert new language in the amended complaint in lieu of the stricken language, the Debtor may opt to withdraw his request to strike, and leave the original language intact, provided it neither is duplicative

---

[1] Ag Venture filed its complaint in state court that commenced the litigation between the parties on January 29, 2008. The Debtor filed his complaint on October 2, 2008 (AP # 8-1022, doc. # 1), responded to Ag Venture's motion for summary judgment on February 19, 2010 (AP # 8-1022, doc. # 129; AP # 8-1023, doc. # 404), filed a joint stipulation concerning his withdrawal of certain claims and counterclaims on March 5, 2010 (AP # 8-1022, doc. # 135; AP # 8-1023, doc. # 425), and filed the instant motion to amend his complaint on May 5, 2010 (AP # 8-1022, doc. # 147).

of his affirmative defenses and counterclaims in the companion proceeding (AP # 08-1023, doc. # 113) nor attempts to reassert claims already disposed of by this Court.

      IT IS FURTHER ORDERED that the Debtor shall file an amended complaint in accordance with this order **by noon on Monday, May 17, 2010.**

      IT IS FURTHER ORDERED that, as previously stated in this Court's amended scheduling order (AP # 08-1022, doc. # 142; AP # 08-1023, doc. # 437), trial of these companion adversary proceedings shall commence on May 25, 2010, and continue (as necessary) on May 26 and May 28, 2010.

      For purposes of the trial of this litigation and to clarify the conduct of the proceedings, the Court shall:

(1) treat adversary proceeding # 08-1022 as the Debtor's action to recover a preferential transfer against Ag Venture;
(2) treat the amended complaint in adversary proceeding # 08-1023 as Ag Venture's action to obtain a judgment against the Debtor, for the other relief set forth in the "wherefore" clause of its amended complaint (AP # 08-1023, doc. # 30); and have its proof of claim allowed as filed;
(3) treat the Debtor's answer, affirmative defense and counterclaim in adversary proceeding # 08-1023 as the Debtor's objection to Ag Venture's proof of claim, on all grounds asserted therein;
(4) treat the Debtor's affirmative defense that Ag Venture violated the Vermont Licensed Lender Act and its request for money damages as part of his objection to Ag Venture's proof of claim (and thus as part of the trial of adversary proceeding # 08-1023), notwithstanding the Court's denial of the Debtor's motion to amend to add these claims to his complaint in adversary proceeding # 08-1022 (see AP # 08-1023, doc. # 113, pp. 9, 22); and
(5) expect Ag Venture to proceed first with its proof at trial.

      IT IS FURTHER ORDERED that to the extent the Debtor has made specific allegations against Ag Venture in adversary proceeding # 08-1022 that he did not raise in adversary proceeding # 08-1023, and that remain in the amended complaint pursuant to this order, the Debtor will be permitted to present evidence in support of them at trial, in the context of the Debtor's affirmative defenses and counterclaims.

      IT IS FURTHER ORDERED that the parties shall file a stipulated final pre-trial statement that includes a list of all exhibits each party intends to introduce, all pre-trial stipulations, a list of witnesses each party intends to call at trial, the order in which the parties intend to call witnesses and how long each witness is expected to be on the stand, a list of any anticipated evidentiary issues, a list of any anticipated motions in limine, and sets out any other information pertinent to the conduct of the trial, **by noon on Friday, May 21, 2010.**

4

IT IS FURTHER ORDERED that any motions in limine shall be filed by **9:00 a.m. on Monday May 24, 2010**.

    SO ORDERED.

May 12, 2010                                                              Colleen A. Brown
Burlington, Vermont                                     United States Bankruptcy Judge