*Formatted for Electronic Distribution*                                    *For Publication*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

_____

In re:

      **Michael F. Montagne,**                                    **Chapter 12 Case**
               **Debtor.**                                    **# 08-10916**

_____

**Michael Montagne,**

               **Plaintiff,**

      **v.**                                    **Adversary Proceeding**

**Ag Venture Financial Services, Inc.,**                                    **# 08-1022**
               **Defendant.**

_____

Filed & Entered
On Docket
May 18, 2010

**Ag Venture Financial Services, Inc.,**

               **Plaintiff,**

      **v.**                                    **Adversary Proceeding**

**Michael F. Montagne, et al.,**                                    **# 08-1023**
               **Defendants.**

_____

*Appearances:*    *Jess T. Schwidde, Esq.*    *Gary L. Franklin, Esq.*
                    *John R. Harrington, Esq.*    *Douglas J. Wolinsky, Esq.*
                    *Rutland, VT & Concord, NH*    *Burlington, VT*
                    *For Michael Montagne*    *For Ag Venture Financial Services, Inc.*

## MEMORANDUM OF DECISION
### GRANTING IN PART & DENYING IN PART SUMMARY JUDGMENT TO AG VENTURE FINANCIAL SERVICES, INC. AS TO REMAINING CLAIMS AND COUNTERCLAIMS OF MICHAEL MONTAGNE

    Ag Venture Financial Services, Inc. ("Ag Venture") filed an amended complaint (AP # 08-1023, doc. # 30) in state court, in which four counts [for breach of contract (Count I), replevin (Count V), fraudulent conveyance (Count IX), and conversion (Count XI)] sought relief against Michael Montagne. Mr. Montagne responded by filing an answer asserting sixteen affirmative defenses, with a counterclaim interposing eleven causes of action against Ag Venture (AP # 08-1023, doc. # 113). The action was subsequently removed to this Court. On October 2, 2008, Michael Montagne filed a complaint against Ag Venture (AP # 08-1022, doc. # 1), in essence objecting to Ag Venture's amended proof of claim (claim #

12 in case # 08-10916), and seeking avoidance of transfers he alleged to be preferential. Ag Venture responded by filing an answer asserting eight affirmative defenses (AP # 08-1022, doc. # 139).

On January 26, 2010, Ag Venture filed a motion for summary judgment on the claims and counterclaims of Michael Montagne (AP # 08-1023, doc. # 381; AP # 08-1022, doc. # 119). In Michael Montagne's opposition to Ag Venture's motion for summary judgment (AP # 08-1023, doc. # 404; AP # 08-1022, doc. # 129) and in the parties' joint stipulation concerning Michael Montagne's withdrawal of certain claims and counterclaims (AP # 08-1023, doc. # 425; AP # 08-1022, doc. # 135), Michael Montagne withdrew all of his claims and counterclaims against Ag Venture except for the following:

(1)     his counterclaims in adversary proceeding AP # 08-1023 for

    (A)     breach of contract (Count I);

    (B)     breach of contractual duty of good faith and fair dealing (Count II);

    (C)     negligence in loan underwriting and administration (Count III);

    (D)     promissory estoppel (Count VIII); and

    (E)     recoupment and setoff (Count IX), to the extent based on recoupment;

as well as

(2)     his claims in adversary proceeding AP # 08-1022 for

    (A)     objection to proof of claim (Count I) except to the extent based on indemnity;

    (B)     preference (Count V); and

    (C)     money damages (Count VI) to the extent based on breach of contract and breach of the implied covenant of good faith and fair dealing.

For the reasons set forth below, the Court grants in part and denies in part Ag Venture's motion for summary judgment.

**UNDISPUTED FACTS**

Based upon the extensive record in this case, and in the absence of a stipulation of undisputed material facts, the Court finds the following facts to be undisputed:[1]

1.     Michael Montagne is a farmer with a residence in the Town of St. Albans, Vermont (AP # 08-1022, doc. # 1, ¶ 1; doc. # 139, ¶ 1).

2.     Ag Venture is a Vermont licensed lender created in or about 1998 pursuant to the laws of the State of Vermont (AP # 08-1022, doc. # 1, ¶ 2; doc. # 139, ¶ 2).

---

[1] The Court assumes the parties' familiarity with the facts of this case. For an additional factual overview, please see this Court's prior decision, Ag Venture Fin. Servs. v. Montagne (In re Montagne), 421 B.R. 65 (Bankr. D. Vt. 2009).

3.    Michael Montagne became a customer of Ag Venture shortly after its formation (AP # 08-1022, doc. # 1, ¶ 9; doc. # 139, ¶ 9).

4.    Between December 31, 1998, and the present, a lending relationship has existed between Michael Montagne and Ag Venture (AP # 08-1023, doc. # 113, ¶ 1; doc. # 128, ¶ 1).

5.    Proceeds from the sale of milk from the Montagne farm were assigned to Ag Venture in connection with various loan agreements (AP # 08-1022, doc. # 1, ¶ 10; doc. # 139, ¶ 10).

6.    On or about December 31, 1998, Michael Montagne executed a promissory note in favor of Ag Venture in the original principal amount of $580,000.  The promissory note was secured by a commercial mortgage dated December 31, 1998 (AP # 08-1023, doc. # 30, ¶ 9; doc. # 113, ¶ 9).

7.    On or about November 8, 2000, Michael Montagne signed a promissory note in favor of Ag Venture in the original principal amount of $425,000 (AP # 08-1023, doc. # 30, ¶ 10; doc. # 113, ¶ 10).

8.    On or about January 14, 2002, Michael Montagne signed a promissory note in favor of Ag Venture in the original principal amount of $442,400 (AP # 08-1023, doc. # 30, ¶ 11; doc. # 113, ¶ 11).

9.    On or about June 13, 2002, Michael and Diane Montagne signed a promissory note in favor of Ag Venture in the original principal amount of $882,000 (AP # 08-1023, doc. # 30, ¶ 12; doc. # 113, ¶ 12).

10.   On or about March 17, 2004, Michael Montagne signed a promissory note in favor of Ag Venture in the original principal amount of $470,000 (AP # 08-1023, doc. # 30, ¶ 13; doc. # 113, ¶ 13).

11.   On or about June 16, 2005, Michael Montagne signed a promissory note in favor of Ag Venture in the original principal amount of $800,000 (AP # 08-1023, doc. # 30, ¶ 14; doc. # 113, ¶ 14).

12.   On or about June 16, 2005, Michael Montagne signed a promissory note in favor of Ag Venture in the original principal amount of $100,000 (AP # 08-1023, doc. # 30, ¶ 15; doc. # 113, ¶ 15).

13.   On or about June 23, 2005, the payment on Loan # 36 in the amount of $276,549.17 was reversed (AP # 08-1022, doc. # 1, ¶ 14; doc. # 139, ¶ 14).

14.   On or about November 18, 2005, Michael Montagne co-signed a Montagne Heifers, Inc. ("MHI") promissory note in favor of Ag Venture in the original principal amount of $457,000 (AP # 08-1023, doc. # 30, ¶ 18; doc. # 113, ¶ 18).

15.   On or about November 18, 2005, Michael Montagne executed an unlimited guaranty in favor of Ag Venture (AP # 08-1023, doc. # 30, ¶ 19; doc. # 113, ¶ 19).

16.   The loans by Ag Venture to Michael Montagne are documented (AP # 08-1023, doc. # 113, ¶ 4; doc. # 128, ¶ 4).

17.   On or about November 24, 2007, most of the MHI livestock was sold to a third-party buyer for a price of $500,000 (AP # 08-1023, doc. # 30, ¶ 21; doc. # 113, ¶ 21).

18.   The third-party buyer paid the purchase price for the livestock in three installments.  The first payment was in the approximate amount of $240,000, the second payment was in the approximate amount of $185,000, and the third payment was in the amount of $75,000 (AP # 08-1023, doc. # 30, ¶ 22; doc. # 113, ¶ 22).

19.   The sum of $240,000 was not distributed to Ag Venture (AP # 08-1023, doc. # 30, ¶ 23; doc. # 113, ¶ 23).

20.   The sum of $185,000 was not distributed to Ag Venture (AP # 08-1023, doc. # 30, ¶ 24; doc. # 113, ¶ 24).

21.   The check for the sum of $75,000 was made payable to Ag Venture and MHI (AP # 08-1023, doc. # 30, ¶ 25; doc. # 113, ¶ 25).

22.   In or about September 2008, Ag Venture applied payments to Loan # 36 as indicated in Ag Venture's summary of application of escrow proceeds, which indicates that payments were applied to pay off $109,932.41 in principal and $3,445.15 in interest, leaving $4,176.36 (AP # 08-1022, doc. # 1, ¶ 15; doc. # 139, ¶ 15; doc. # 1-17, p. 2).

23.   On or about September 26, 2008, Ag Venture applied payments to Loan # 584 as indicated in Ag Venture's summary of application of escrow proceeds, which indicates that payments were applied to pay off $299,997.96 in principal and $14,633.57 in interest, totaling $314,631.53 (AP # 08-1022, doc. # 1, ¶ 17; doc. # 139, ¶ 17; doc. # 1-17, p. 2).

24.   On or about September 26, 2008, Ag Venture applied payments as indicated in Ag Venture's summary of application of escrow proceeds, which indicates that payments were applied to Loan # 517 to pay off $99,348.04 in principal and $2,319.12 in interest, totaling $101,667.16 (AP # 08-1022, doc. # 1, ¶ 19; doc. # 139, ¶ 19; doc. # 1-17, p. 2).

25.   On or about September 26, 2008, Ag Venture applied payments as indicated in Ag Venture's summary of application of escrow proceeds, which indicates that payments were applied to a pre-closing account to pay off $183,959.08 in principal and $23,073.41 in interest, totaling $207,031.49 (AP # 08-1022, doc. # 1, ¶ 19; doc. # 139, ¶ 19; doc. # 1-17, p. 2).

26.   Ag Venture was aware that Michael Montagne separated from his wife, Diane Montagne prior to the commencement of this litigation (AP # 08-1023, doc. # 113, ¶ 23; doc. # 128, ¶ 23).

27.    Ag Venture was generally aware that Michael and Diane Montagne had reached an agreement in late 2006 to divide their property (AP # 08-1022, doc. # 1, ¶ 66; doc. # 139, ¶ 66).

28.    Michael Montagne declined to sign a loan application to refinance the farm debt in early January 2008 (AP # 08-1022, doc. # 1, ¶ 69; doc. # 139, ¶ 69).

29.    Within approximately two weeks of Michael Montagne declining to sign a loan application for a refinancing, Bourdeau Brothers, Inc. ("BBI") commenced suit and obtained an <u>ex parte</u> writ of attachment against the assets of Michael Montagne.  Shortly thereafter, on or about January 29, 2008, Ag Venture commenced its action (AP # 08-1023, doc. # 113, ¶ 34; doc. # 128, ¶ 34).

30.    On October 2, 2008, Michael Montagne filed for bankruptcy protection as an individual; MHI has not separately filed for bankruptcy protection (AP # 08-1023, doc. # 381-2, ¶ 2; doc. # 404, p. 2; AP # 08-1022, doc. # 122, ¶ 2; doc. # 129, p. 2).

### SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law.  <u>See</u> Fed. R. Civ. P. 56(C); Fed. R. Bankr. P. 7056.  A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>see also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  The substantive law identifies which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  <u>See</u> <u>Anderson</u>, 477 U.S. at 247.  Factual disputes that are irrelevant or unnecessary are not material.  <u>See</u> <u>id.</u>  The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor.  <u>See</u> <u>Cruden v. Bank of New York</u>, 957 F.2d 961, 975 (2d. Cir.1992). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial.  <u>See</u> <u>Anderson</u>, 477 U.S. at 249; <u>see also</u> <u>Palmieri v. Lynch</u>, 392 F.3d 73, 82 (2d Cir.2004); <u>Delaware & Hudson Ry. Co. v. Conrail</u>, 902 F.2d 174, 178 (2d Cir.1990).  But if the opposing party does not come forward with specific facts to establish an essential element of that party's claim on which it has the burden of proof at trial, the moving party is entitled to summary judgment.  <u>See</u> <u>Celotex</u>, 477 U.S. at 323-24, 325 ("One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. . . .  [T]he burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.")); <u>State v. G.S. Blodgett Co.</u>, 163 Vt. 175, 180, 656 A.2d 984, 988 (1995).

### JURISDICTION AND RELEVANT LAW

This Court has jurisdiction over this adversary proceeding and Ag Venture's motion for summary judgment under 28 U.S.C. §§ 1334, 157(b)(2)(B) and (C), and the parties' stipulation to this Court's entry of a final judgment on the causes of action relating to this title 11 case (AP # 08-1023, doc. # 144, pp. 2–3; AP # 08-1022, doc. # 34, pp. 2–3).  As Michael Montange asserts state law causes of action in his remaining counterclaims, state law must guide this Court's analysis and determination of the issues, except for his cause of action under 11 U.S.C. § 547(b) for preferential transfer.  See Butner v. U.S., 440 U.S. 48, 54 (1979).

### DISCUSSION

Ag Venture's motion for summary judgment focuses on the alleged absence of evidence to support Michael Montagne's remaining claims and counterclaims.  Therefore, the Court focuses its decision on that basis for summary judgment, rather than the more typical question of whether there is a material dispute of fact that requires a trial.  See Celotex, 477 U.S. at 325.

### COUNTERCLAIMS IN ADVERSARY PROCEEDING # 08-1023

The Court will first consider Ag Venture's motion for summary judgment on Michael Montagne's counterclaims in adversary proceeding # 08-1023.

### A.     Breach of Contract

Ag Venture argues that Michael Montagne's counterclaim for breach of contract fails as a matter of law because there is no evidence of (1) which contract(s) Michael Montagne claims Ag Venture breached; (2) what consideration he provided to the extent the counterclaim is based on the alleged December 2006 agreement;[2] (3) how Ag Venture breached any contract it had with him; or (4) what damages he suffered (AP # 08-1023, doc. # 381, pp. 11–12; doc. # 414, p. 2, 4–5).  See Celotex, 477 U.S. at 325.

---

[2] Ag Venture also argues that Michael Montagne is bound by this Court's previous holding that the alleged December 2006 agreement does "not constitute a legally valid contract between Ag Venture and either Diane Montagne or Michael Montagne, or both of them" (AP # 08-1023, doc. # 381, p. 11; doc. # 414, p. 2) (quoting Ag Venture Fin. Servs. v. Montagne (In re Montagne), 425 B.R. 111, 124 (Bankr. D. Vt. 2009)).  Michael Montagne responds that the Court's previous decision was entered in connection with one of Ag Venture's motions for summary judgment on Diane Montagne's counterclaims, and that he had no interest in the outcome of that motion and presumably would not have been heard in opposition to it.  "[T]he bar of issue preclusion applies only if . . . there was a full and fair opportunity to litigate the prior proceeding." Liona Corp., Inc. v. PCH Assocs. (In re PCH Assocs.), 949 F.2d 585, 593 (2d Cir. 1991) (citations omitted).  Michael Montagne did not have a full and fair opportunity to litigate the issue of whether the December 2006 agreement constituted a legally valid contract between himself and Ag Venture in the context of Ag Venture's motion for summary judgment against Diane Montagne.  Therefore, Ag Venture's argument on this point fails.   Additionally, the Court hereby rescinds that finding in the prior decision and that decision is modified on that one point, by this memorandum of decision.

"In defining the elements of a breach of contract claim, the Vermont Supreme Court has stated, 'in the obligation assumed by a party to a contract is found his duty, and his failure to comply with the duty constitutes a breach.'" Ben & Jerry's Homemade, Inc. v. Coronet Priscilla Ice Cream Shop, 921 F. Supp. 1206, 1212 (D.Vt. 1996) (quoting Lapoint v. Dumont Const. Co., 128 Vt. 8, 10, 258 A.2d 570 (1969)). "The existence of sufficient consideration for a contract is a question of law and is evaluated at the time the contract was formed." Weed v. Weed, 2008 VT 121, ¶ 11, 185 Vt. 83, 88, 968 A.2d 310, 313 (Vt. 2008) (quotation and citation omitted). "To constitute consideration, a performance or a return promise must be bargained for. Bargained-for consideration must induce a promise or performance, and not be a mere pretense of a bargain." Id. at 314 (quotation and citation omitted).

"To prove breach of contract, plaintiff must show damages. Two types of damages are recoverable: direct damages that naturally and usually flow from the breach itself, and special or consequential damages, which must pass the tests of causation, certainty and foreseeability." Smith v. Country Village Intern., Inc., 183 Vt. 535, 537, 944 A.2d 240, 243 (2007). Special or consequential damages must also "be reasonably supposed to have been in the contemplation of both parties at the time they made the contract." EBWS, LLC v. Britly Corp., 181 Vt. 513, 517, 928 A.2d 497, 502 (2007).

Regarding the first prong, arguing Michael Montagne failed to specify which contract(s) he claims Ag Venture breached, Michael Montagne alleges in his opposition papers that Ag Venture breached the contract underlying Loan # 321, the contract underlying Loan # 516, and the December 2006 agreement (AP # 08-1023, doc. # 404, pp. 10–15). With respect to the contract underlying Loan # 321, it is an undisputed fact that Michael Montagne signed a promissory note in the amount of $882,000 on or about June 13, 2002 (see Undisputed Facts ¶ 9, supra), the terms of which are reflected in the notice of loan agreement for Loan # 321 also dated June 13, 2002, and signed by Thomas Bellavance on behalf of Ag Venture and by Michael Montagne (AP # 08-1023, doc. # 404-5). With respect to the contract underlying Loan # 516, it is an undisputed fact that Michael Montagne signed a promissory note in the amount of $800,000 on or about June 16, 2005 (see Undisputed Facts ¶ 11, supra), the terms of which are reflected in the notice of loan agreement for Loan # 516 also dated June 16, 2005, and signed by Thomas Bellavance on behalf of Ag Venture and by Michael Montagne (AP # 08-1023, doc. # 156-4).[3] With respect to the December 2006 agreement, Michael Montagne attaches to his opposition papers a document dated December 26, 2006, and alleges that Ag Venture breached its duties to Mr. Montagne under that

---

[3] Although Michael Montagne did not attach the Loan # 516 notice of loan agreement with his opposition to Ag Venture's motion for summary judgment, the Court located it in the record as an attachment to Michael Montagne's fourth motion for summary judgment filed on January 23, 2009.

agreement (AP # 08-1023, doc. # 404, p. 14; doc. # 404-4).  It is clear that Michael Montagne claims that Ag Venture breached the Loan # 321 notice of loan agreement and promissory note, the Loan # 516 notice of loan agreement and promissory note, and the December 2006 agreement.  Ag Venture has not demonstrated that it is entitled to judgment as a matter of law on the first prong of its argument, i.e., due to a lack of clarity as to which contract is at issue, because there is evidence of which contracts Michael Montagne claims Ag Venture breached, and Ag Venture fails to identify undisputed material facts that constitute a basis for judgment as a matter of law.  Accordingly, Ag Venture's motion for summary judgment on this basis is DENIED.

Regarding the second prong of Ag Venture's argument, that Michael Montagne has failed to show that he provided consideration for the alleged December 2006 agreement, Michael Montagne alleges that he agreed to surrender certain property interests, at least in part, in exchange for Ag Venture's undertaking to use its best efforts to refinance his farm debt (AP # 08-1023, doc. # 404, p. 14).  Specifically, Michael Montagne alleges in his affidavit that "[Thomas] Bellavance wanted Diane Montagne to be removed as a title-holder for all the farm property so that she would not be able to interfere with future loan arrangements or refinancing.  I agreed to the property division partly because of Ag Venture's agreement, set out in the document, to use its best efforts to obtain a refinancing" (AP # 08-1023, doc. # 404-2, ¶ 20).  As this Court previously noted, it is undisputed that

> [o]ne of the typewritten provisions in the [December 2006] Agreement indicated: "Ag Venture to refinance [Michael] Montagne solely for <u>all</u> remaining farm debt, including open accounts and payables, with no exposure for Mrs. Montagne" (ex. 8 to doc. # 251).  A handwritten notation near this provision stated that "All deal[s] contingent on Diane being relieved of all debt described" with an arrow pointing to the provision that Ag Venture would refinance Mr. Montagne's remaining farm debt.  The handwriting went on to say "& Ag Venture refinancing its existing debt, which it will use its [best] efforts to [illegible]."[1]  Id.  Thomas Bellavance, President of Ag Venture, Lisa Chalidze, attorney for Diane Montagne, and Michael Montagne signed the bottom of this page.  They also put their initials near other handwritten additions and cross-outs.  Id.

> [1]  The parties agreed that the section of the sentence that did not come out indicated that Ag Venture would use its "best efforts to refinance the debt with Mr. Montagne as the sole debtor" (doc. # 274 ¶ 10).

In re Montagne, 425 B.R. at 119–20, n.1.  Ag Venture has not demonstrated that it is entitled to judgment as a matter of law on this prong of its motion because there is evidence that Michael Montagne provided consideration or a reciprocal promise in exchange for Ag Venture's promise to make its "best efforts" to refinance the farm debt, and Ag Venture fails to identify undisputed material facts that constitute a basis for judgment, in its favor, on this point as a matter of law.  Thus, Ag Venture's motion for summary judgment on the second prong of its argument is DENIED.

Regarding the third prong, that Michael Montagne failed to articulate how Ag Venture breached the contracts, Michael Montagne claims that Ag Venture breached the Loan # 321 loan agreement by improperly diverting loan proceeds from the loan closing into its own business account (AP # 08-1023, doc. # 404, pp. 10–11).  Although the Loan # 321 mini-trial focused on whether Ag Venture violated the Vermont Licensed Lender Act, the parties' stipulated facts and this Court's findings regarding the testimony of Thomas Bellavance in the mini-trial are sufficient to constitute a finding that Ag Venture failed to disburse loan proceeds as required by the Loan # 321 promissory note and notice of loan agreement.  See In re Montagne, 421 B.R. 83–86.  The Court finds that the Loan # 321 loan agreement, including the promissory note and notice of loan agreement, is a valid contract, and that Ag Venture breached the Loan # 321 loan agreement by failing to disburse the loan proceeds properly.  Ag Venture has not demonstrated that it is entitled to judgment as a matter of law because there is evidence that it breached the Loan # 321 loan agreement, and Ag Venture fails to identify undisputed material facts that constitute a basis for judgment in its favor as a matter of law.  Accordingly, Ag Venture's motion for summary judgment on the basis that Michael Montagne has not put forth evidence that could show a breach of the Loan # 321 loan agreement is DENIED.

Michael Montagne's counterclaim alleges that, although the Loan # 516 loan closing statement indicated that $798,970 was disbursed on June 15, 2005, only $709,925 was actually disbursed that day (AP # 08-1023, doc. # 113, ¶ 21(c)).  Michael Montagne claims in his opposition papers that Ag Venture breached the Loan # 516 loan agreement by improperly diverting loan proceeds from the loan closing into its own business account, failing to timely disburse loan proceeds, and spending $243,000 of the proceeds without authorization on an MHI expense that did not benefit Mr. Montagne (AP # 08-1023, doc. # 404, pp. 10, 13).  Specifically, Michael Montagne alleges in his affidavit that Ag Venture paid an invoice in the amount of $243,000 for sale of cows owned by MHI from loan proceeds on Loan # 516, which was a loan to Michael and Diane Montagne, and that Mr. Montagne did not authorize and was not aware of the application of Loan # 516 proceeds (AP # 08-1023, doc. # 404-2, ¶ 22).  Mr. Montagne's allegation is supported by a copy of an invoice from C. C. Miller, Corp. to MHI dated November 8, 2005, which includes a line item dated June 23, 2005, for a transaction entitled "PMT # 8284. ag venture" in the amount of -$243,000 (AP # 08-1023, doc. # 404-10, p.1).  Ag Venture has not demonstrated that it is entitled to judgment as a matter of law because there is evidence that Ag Venture may have breached the Loan # 516 loan agreement by failing to disburse the loan proceeds as required, and Ag Venture fails to identify undisputed material facts that constitute a basis for judgment in its favor as a matter of law.

Accordingly, Ag Venture's motion for summary judgment on the basis that Michael Montagne has not put forth evidence that could show a breach of the Loan # 516 loan agreement is DENIED.

Michael Montagne claims that Ag Venture breached the December 2006 agreement by failing to use its best efforts to refinance his debt (AP # 08-1023, doc. # 404, pp. 13–14). Specifically, Michael Montagne alleges in his affidavit that Ag Venture did not use its best efforts to obtain a refinancing, but rather presented Mr. Montagne in late 2007 with a proposal for a refinancing that would have required him to make false representations to the Farm Service Administration and would have resulted in monthly debt service payments he could not have sustained (AP # 08-1023, doc. # 404-2, ¶ 21). Ag Venture has not demonstrated that it is entitled to judgment as a matter of law because there is evidence that Ag Venture may have breached the December 2006 agreement by failing to use its best efforts to obtain a refinancing, and Ag Venture fails to identify undisputed material facts that constitute a basis for judgment in its favor as a matter of law. Accordingly, Ag Venture's motion for summary judgment on the basis that Michael Montagne has not put forth evidence that could show a breach of the December 2006 agreement is DENIED.

Regarding the fourth prong, whether Michael Montagne has presented evidence as to what damages he suffered, Mr. Montagne alleges in his opposition papers that he suffered damages from the breach of the Loan # 321 loan agreement in the form of "additional net profits Mr. Montagne could have earned by purchasing the cows he would have purchased if the full loan 321 proceeds had been available" (AP # 08-1023, doc. # 404, p. 11). The parties stipulated as part of the Loan # 321 mini-trial that "[p]ursuant to the notice of loan agreement [for the Note dated June 13, 2002], the loan proceeds were to be used to refinance debt (doc. # 277, Stip Fact 25)." In re Montagne, 421 B.R. at 84. Hence, even if the full amount of the Loan # 321 proceeds had been available, they were to be used to refinance debt pursuant to the Loan # 321 loan agreement, not to purchase additional cows. Ag Venture therefore prevails and is entitled to judgment as a matter of law because there is no evidence that Michael Montagne suffered these damages as a result of Ag Venture's failure to disburse the Loan # 321 loan proceeds according to the terms of the loan agreement. Accordingly, Ag Venture's motion for summary judgment is GRANTED on this limited basis, with respect to the Debtor's claim for damages in the form of lost opportunity to purchase more cows and derive revenue from an increased herd, in connection with Loan # 321.

Michael Montagne alleges in his affidavit that "[a] delay in obtaining a loan can cause milk sales revenue to decline rapidly . . ., the lower revenue resulting from the delay means that a greater percentage of revenue has to go to debt service rather than operating expenses . . . [and] the farmer's equity and

percentage of revenue available for debt service declines, along with his ability to get a loan from most lending institutions" (AP # 08-1023, doc. # 404-2, ¶ 1).  Mr. Montagne alleges that delays in closing on loans from Ag Venture resulted in an increasingly unmanageable debt service load (AP # 08-1023, doc. # 404-2, ¶ 2).  Mr. Montagne further alleges that his monthly debt service to Ag Venture was less than $10,000 in the early 2000s, but by 2007 it was several times higher, directly as a result of Ag Venture's failure to provide him with timely financing (AP # 08-1023, doc. # 404-2, ¶ 9).  Regarding Loan # 321, Mr. Montagne alleges that Ag Venture withheld $477,000 of loan proceeds and disbursed it in increments over a period of more than a year after the loan closed (AP # 08-1023, doc. # 404-2, ¶ 7).  Regarding Loan # 516, Mr. Montagne alleges that Ag Venture withheld $243,000 of loan proceeds and applied it instead to pay an invoice for sale of cows to MHI (AP # 08-1023, doc. # 404-2, ¶ 22).  Regarding the December 2006 agreement, Mr. Montagne alleges that "[a]s a direct result of Ag Venture's failure to use its best efforts to obtain a refinancing, [he] was foreclosed on and faced an attachment by BBI, which caused losses to [him] including lost revenues from [his] cow herd, which [he] was forced to sell, and increased income taxes resulting from sale of the herd" (AP # 08-1023, doc. # 404-2, ¶ 21).  Ag Venture has not demonstrated that it is entitled to judgment as a matter of law in its favor, on this argument, because there is evidence that Michael Montagne suffered damages in the form of a loss of equity resulting from increase in debt service load, foreclosure of property, lost revenues from the sale of his cow herd, loss of the ability to obtain credit elsewhere, lawsuit and attachment by BBI, and increased income taxes resulting from sale of the herd.  Accordingly, Ag Venture's motion for summary judgment with respect to the alleged damages on these bases, in connection with the delays in closing, is DENIED.

    In summary, regarding Michael Montagne's counterclaim for breach of contract, it is undisputed that (1) Michael Montagne signed a promissory note in the amount of $882,000 on or about June 13, 2002, the terms of which are reflected in the notice of loan agreement for Loan # 321 also dated June 13, 2002, and signed by Thomas Bellavance on behalf of Ag Venture and by Michael Montagne; (2) Michael Montagne signed a promissory note in the amount of $800,000 on or about June 16, 2005, the terms of which are reflected in the notice of loan agreement for Loan # 516 also dated June 16, 2005, and signed by Thomas Bellavance on behalf of Ag Venture and by Michael Montagne; (3) Michael Montagne and Thomas Bellavance signed the December 2006 agreement, which indicated that Ag Venture would use its best efforts to refinance the debt with Mr. Montagne as the sole debtor; and (4) the loan proceeds of Loan # 321 were to be used to refinance debt pursuant to the notice of loan agreement.  Further, the Court finds that Ag Venture breached the Loan # 321 loan agreement by failing to disburse the loan proceeds as required by the agreement between the parties.  Ag Venture shall have a judgment in its favor to the

extent that Michael Montagne seeks relief based on damages in the form of lost profits from the purchase of additional cows based on by Ag Venture's failure to disburse the Loan # 321 loan proceeds as required by the loan agreement.  No new evidence on issues related to Loan # 321 may come in except as to damages (see AP # 08-1023, doc. # 443).

**B.    Breach of Implied Covenant of Good Faith and Fair Dealing**

Ag Venture argues that Michael Montagne's counterclaim for breach of the implied covenant of good faith and fair dealing fails as a matter of law because there is no evidence of a breach of the implied covenant based on conduct different than the alleged breach of contract[4] (AP # 08-1023, doc. # 381, pp. 11–12; doc. # 414, p. 5).  See Celotex, 477 U.S. at 325.

"The implied covenant of good faith and fair dealing exists in every contract and ensures that each party works with 'faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.'" Carmichael v. Adirondack Bottled Gas Corp. of Vt., 161 Vt. 200, 208, 635 A.2d 1211, 1216 (Vt. 1993) (citing Restatement (Second) of Contracts § 205 cmt. a (1981)).  "To carry its burden for the good-faith-and-fair-dealing claim, borrower must produce evidence that could lead a reasonable jury to conclude that [the lender] 'breached an implied-in-law promise not to do anything to undermine or destroy [borrower's] rights to receive the benefit of the parties' . . . agreement.'" R & G Props., Inc. v. Column Fin., Inc., 2008 VT 113, ¶ 46, 184 Vt. 494, 514, 968 A.2d 286, 300 (Vt. 2008) (citation omitted).  "Good faith is ordinarily a question of fact.  However, plaintiff must provide a basis on which the fact finder can find a violation." Id., 968 A.2d at 301 (citation omitted).  "A breach for violation of the implied covenant may form a separate cause of action than for breach of contract, as long as the counts are based on different conduct." Harsch Props. v. Nicholas, 2007 VT 70, ¶ 14, 182 Vt. 196, 202, 932 A.2d 1045, 1050 (Vt. 2007) (citation omitted).

Michael Montagne alleges in his opposition to the motion for summary judgment that Ag Venture diverted $477,000 in funds that were to be "available for disbursement for three months from the date of closing" pursuant to the express terms of the loan agreement for Loan # 321, which diversion constituted both a "breach of the express terms of the loan agreement as well as a clear violation of the implied covenant of good faith and fair dealing" (AP # 08-1023, doc. # 404, p. 11).  The Court addressed these allegations above, in the context of Michael Montagne's counterclaim for breach of contract, and denied

---

[4] Ag Venture also argues that Michael Montagne's counterclaim for breach of the implied covenant of good faith and fair dealing fails because there is no contract (AP # 08-1023, doc. # 381, pp. 11–12).  However, the Court found above that the Loan # 321 loan agreement is a valid contract and that Ag Venture breached the Loan # 321 loan agreement by failing to disburse funds as required, and the Court thus denied Ag Venture's motion for summary judgment as to Michael Montagne's counterclaim for breach of contract on that basis (see § A, supra).  Hence, that argument fails here as well.

Ag Venture's motion for summary judgment based on its argument that Michael Montagne failed to present sufficient evidence showing a breach of contract (see § A, supra).  Having determined that Mr. Montagne may present evidence on breach of contract, he may not proceed on the counterclaim for breach of the implied covenant.  Ag Venture is entitled to judgment as a matter of law because Michael Montagne has failed to present evidence that could establish a breach of the implied covenant that is based on conduct that is different than the alleged breach of contract.  Accordingly, Ag Venture's motion for summary judgment on Michael Montagne's counterclaim for breach of the implied covenant of good faith and fair dealing is GRANTED.

## C.    Negligence

Ag Venture argues that Michael Montagne's counterclaim for negligence in loan underwriting and administration fails as a matter of law because there is no evidence that Ag Venture owes a duty of care to Michael Montagne in connection with the underwriting of the loans at issue, or that Michael Montagne has suffered recoverable non-economic damages[5] (AP # 08-1023, doc. # 381, pp. 3–4).  See Celotex, 477 U.S. at 325.

The elements of common law negligence are: (1) the defendant owed a legal duty to protect the plaintiff from an unreasonable risk of harm; (2) the defendant breached that duty; (3) the defendant's conduct was the proximate cause of plaintiff's injuries; and (4) the plaintiff suffered actual damage.  Knight v. Rower, 170 Vt. 96, 102, 742 A.2d 1237, 1242 (Vt. 1999).  The element of duty "is central to a negligence claim, and its existence is primarily a question of law.  The imposition of a duty is an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection."  O'Connell v. Killington, Ltd., 164 Vt. 73, 76, 665 A.2d 39, 42 (Vt. 1995) (quotation and citations omitted).  The Vermont Supreme Court has identified:

> a number of factors to consider in determining whether a duty exists.  These factors may include the degree of certainty that plaintiff suffered injury, the closeness of the connection between defendant's conduct and plaintiff's injury, the moral blame attached to defendant's conduct, the policy of preventing future harm, the burden to the defendant, the consequences to the community of finding a duty, and the availability and cost of

---

[5] Ag Venture also argues that Michael Montagne improperly re-casts his negligence counterclaim as one for professional malpractice (AP # 08-1023, doc. # 414, pp. 1–2).  An exception to the economic-loss rule for negligence actions may apply under certain circumstances involving a professional duty, as the Court discusses below (see pp. 13–15, infra).  Michael Montagne has not presented a claim for professional malpractice.  The Court thus finds Ag Venture's argument to be without merit.  Further, to the extent that Ag Venture argues that Michael Montagne is bound by this Court's previous ruling, in the context of Ag Venture' motion for summary judgment against Diane Montagne, that Ag Venture owes no non-contractual duty to Michael Montagne (see AP # 08-1023, doc. # 381, p. 3), the Court found above that Michael Montagne did not have a full and fair opportunity to litigate those issues (see § A, supra), and Ag Venture's argument here must fail.

insurance… an additional factor is . . . that plaintiff seeks a duty to prevent purely economic loss.

Id. at 77, 665 A.2d at 42 (citation omitted).  "The underlying analysis turns on whether there is a duty of care independent of any contractual obligations." Wentworth v. Crawford & Co., 174 Vt. 118, 127, 807 A.2d 351, 357 (Vt. 2002) (quotation and citations omitted).  "In order to recover for non-economic damage – emotional distress, accompanied by significant physical symptoms – 'a plaintiff must make a threshold showing that he or someone close to him faced physical peril.'" In re Montagne, 425 B.R. at 129 (quoting Brueckner v. Norwich Univ., 169 Vt. 118, 125, 730 A.2d 1086, 1092 (Vt. 1999)).  "Negligence law does not generally recognize a duty to exercise reasonable care to avoid intangible economic loss to another unless one's conduct has inflicted some accompanying physical harm."  O'Connell, 164 Vt. at 77, 665 A.2d at 42 (citations omitted).  The Vermont Supreme Court has stated:

> The economic-loss rule prohibits recovery in tort for purely economic losses.  The rule strives to maintain a separation between contract and tort law.  In tort law, duties are imposed by law to protect the public from harm, whereas in contract the parties self-impose duties and protect themselves through bargaining.  Thus, negligence actions are limited to those involving unanticipated physical injury, and claimants cannot seek, through tort law, to alleviate losses incurred pursuant to a contract.

EBWS, LLC v. Britly Corp., 2007 VT 37, ¶ 30, 181 Vt. 513, 524, 928 A.2d 497, 507 (Vt. 2007) (quotation and citations omitted); see also Traveler's Ins. v. DeMarle, No. 826-99, slip op. at 10–12 (Vt. Sup. Ct. Sept. 22, 2003).

A narrow exception to the economic loss rule exists "in a limited class of cases involving violation of professional duty," id., which requires "a special relationship between the alleged tortfeasor and the individual who sustains purely economic damages sufficient to compel the conclusion that the tortfeasor had a duty to the particular plaintiff and that the injury complained of was clearly foreseeable to the tortfeasor." Springfield Hydroelectric Co. v. Copp, 172 Vt. 311, 316, 779 A.2d 67, 71 (Vt. 2001) (quotation and citation omitted).

Michael Montagne argues in his opposition papers that a duty may arise between a borrower and a lender under certain circumstances (AP # 08-1023, doc. # 404, p. 5).  Mr. Montagne cites to a recent Massachusetts case for the proposition that a duty of care could arise between a borrower and lender.  In that case, in the context of an appeal of a decision granting summary judgment to the defendant on, inter alia, a breach of fiduciary duty action, the court found that "a lender may actively participate in or exercise control over the business of a borrower to such an extent that a fiduciary relationship arises," but control "does not arise unless the plaintiff can show that the creditor has obtained the power to direct the day-to-day management of the debtor." FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 103 (1st Cir.

2009) (quotation and citations omitted).  Here, there is no indication in the record, and no allegation by Michael Montagne, that Ag Venture obtained the power to direct the day-to-day management of his business.  Ag Venture is entitled to judgment as a matter of law because there is no evidence that Ag Venture owes a duty of care to Michael Montagne in connection with the underwriting of the loans at issue.  Accordingly, Ag Venture's motion for summary judgment on this basis is GRANTED.

Michael Montagne also argues in his opposition papers that his claim is based on the theory that Thomas Bellavance negligently provided professional financial services to Michael Montagne, and is not primarily based on loan underwriting (AP # 08-1023, doc. # 404, p. 5).  Specifically, Mr. Montagne alleges in his affidavit that Thomas Bellavance set up milk check assignments and determined the amounts of the assignments (AP # 08-1023, doc. # 404-2, ¶ 6).  Mr. Montagne further alleges that Ag Venture prepared his financial statements and tax returns, that Mr. Bellavance knew more about his financial situation than he did, and gave him advice based on this knowledge as well as Mr. Bellavance's superior expertise in farm finance, and that Mr. Bellavance repeatedly assured him that he was doing well financially and that his debt would be reduced by the financing arrangements (AP # 08-1023, doc. # 404, ¶ 10).  Ag Venture is not entitled to judgment as a matter of law on this basis because there is evidence that Ag Venture owes a duty of care to Michael Montagne as his financial advisor, which could give rise to the exception to the economic-loss rule, and Ag Venture fails to identify undisputed material facts that could constitute a basis for judgment as a matter of law on the negligence counterclaim in this regard.  Accordingly, Ag Venture's motion for summary judgment on this basis is DENIED.

Michael Montagne's counterclaim for negligence alleges damages of, inter alia, "emotional distress manifested by significant physical symptoms such as loss of sleep, anxiety and high blood pressure" (AP # 08-1023, doc. # 113, ¶ 44).  There is no indication in the record, and Mr. Montagne does not allege, that he or someone close to him faced physical peril, as required to recover emotional distress damages.  See In re Montagne, 425 B.R. at 129.  Ag Venture is entitled to judgment as a matter of law because there is no evidence of recoverable non-economic damages for emotional distress.  Accordingly, Ag Venture's motion for summary judgment on this basis is GRANTED.

In summary, regarding Michael Montagne's negligence counterclaim, Ag Venture shall have judgment in its favor to the extent that Michael Montagne seeks relief based on (1) Ag Venture's conduct in connection with the underwriting of the loans at issue other than its conduct as financial advisor to Michael Montagne, and (2) emotional distress damages.

D.        **Promissory Estoppel**

Ag Venture argues that Michael Montagne's counterclaim for promissory estoppel fails as a matter of law because there is no evidence that Michael Montagne relied on any alleged promise Ag Venture made to him, as well as because promissory estoppel does not apply where there is a contract (AP # 08-1023, doc. # 381, p. 7).

"To enforce a claim for promissory estoppel, plaintiff must show '[a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance' and that 'injustice can be avoided only by enforcement of the promise.'" Woolaver v. State, 2003 VT 71, ¶ 30, 175 Vt. 397, 412, 833 A.2d 849, 861 (Vt. 2003) (quoting Foote v. Simmonds Precision Prods. Co., 158 Vt. 556, 573, 613 A.2d 1277, 1281 (Vt. 1992)). Promissory estoppel does not apply when the dispute arises out of a valid contract between the parties. See LoPresti v. Rutland Reg'l Health Servs., 2004 VT 105, ¶ 50, 177 Vt. 316, 338, 865 A.2d 1102, 1119 (Vt. 2004) (citing Housing Vt. v. Goldsmith & Morris, 165 Vt. 428, 431, 685 A.2d 1086, 1090 (Vt. 1996)).

Michael Montagne alleges that if the December 2006 agreement is determined not to be a valid contract, then Ag Venture's promise to use its best efforts to arrange a refinancing should give rise to estoppel (AP # 08-1023, doc. # 404, pp. 7–8). Mr. Montagne alleges in his affidavit that he "agreed to the property division [removing Diane Montagne as title-holder for the farm property] partly because of Ag Venture's agreement, set out in the document [described as the December 2006 agreement] to use its best efforts to obtain a refinancing"[6] (AP # 08-1023, doc. 404-2, ¶ 20). It is undisputed that the December 2006 agreement indicates that Ag Venture would use its best efforts to refinance the debt in Mr. Montagne's name alone (see § A, supra). Ag Venture has not demonstrated that it is entitled to judgment as a matter of law because there is evidence that Michael Montagne relied on Ag Venture's "best efforts" promise. Additionally, Ag Venture fails to identify undisputed material facts that constitute a basis for judgment in its favor as a matter of law, and the Court has not yet made a determination as to whether the December 2006 agreement constitutes a contract between Ag Venture and Michael Montagne (see § A, p. 6, n.2, supra). Accordingly, Ag Venture's motion for summary judgment on that basis is DENIED.

---

[6] The Court notes that Michael Montagne also alleges in his affidavit that "[f]ollowing the closing on Loan 321, Ag Venture failed to close on the second loan it had promised" (AP # 08-1023, doc. # 404-2, ¶ 8), but there is no reference in the record connecting this alleged promise to a specific affirmative defense or counterclaim, and the Court finds none that would give Mr. Montagne relief based on that single fact alleged in the affidavit.

Although this Court found above that there is evidence that Michael Montagne provided consideration or a reciprocal promise in exchange for Ag Venture's "best efforts" promise in the December 2006 agreement (see § A, supra), the Court has not yet made a determination as to whether the December 2006 agreement is a valid contract between Michael Montagne and Ag Venture.  Therefore, Ag Venture has not demonstrated that it is entitled to judgment as a matter of law on the basis that promissory estoppel does not apply, nor has it identified undisputed material facts that constitute a basis for judgment as a matter of law.  Accordingly, Ag Venture's motion for summary judgment on that basis is DENIED.

**E.**     **Recoupment**

Ag Venture argues that Michael Montagne's counterclaim for recoupment fails as a matter of law because (1) Michael Montagne failed to produce evidence of what amounts Ag Venture improperly obtained in connection with the Montagne loans; and (2) recoupment is not a cause of action, but rather an affirmative defense under Vermont law (AP # 08-1023, doc. # 381, p. 8; doc. # 414, p. 3).

The Second Circuit has explained that recoupment is ordinarily determined by state law and that recoupment in bankruptcy

> may occur only within a single contract or transaction or a single set of transactions. Often, recoupment seeks to avoid the unjust result that would occur if a debtor who has been overpaid pre-petition by a party in a contract is permitted post-petition to make a claim under the contract against that party without regard to the overpayment it has received.

New York State Elec. & Gas Corp. v. McMahon (In re McMahon), 129 F.3d 93, 96 (2d Cir. 1997) (citations omitted).  In Vermont, "[r]ecoupment is a species of counterclaim which a defendant may assert only if it arises out of the same transaction as the plaintiff's claim, and then only as a defensive device to defeat or diminish the plaintiffs recovery."  Queechee Lakes Corp. v. Terrosi, 141 Vt. 547, 551, 451 A.2d 1080, 1082 (Vt. 1982) (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 140 (1971)).

Michael Montagne alleges in his opposition papers that he has asserted valid counterclaims for breach of contract, negligence, and promissory estoppel, all of which arise out of the same transaction or set of transactions as those giving rise to Ag Venture's claims (AP # 08-1023, doc. # 404, p. 8).  The Court addressed above Michael Montagne's counterclaims for breach of contract, negligence, and promissory estoppel (see §§ A, C, and D, supra), and concluded that those counterclaims remain for trial. Ag Venture has not demonstrated that it is entitled to judgment as a matter of law on the recoupment counterclaim because there is evidence that Michael Montagne may be able to recoup amounts obtained by Ag Venture in connection with the Montagne loans to the extent that Michael Montagne obtains a judgment in his favor on his counterclaims for breach of contract, negligence, and/or promissory estoppel.

Additionally, Ag Venture fails to identify undisputed material facts that constitute a basis for judgment in its favor, on the recoupment counterclaim, as a matter of law. Accordingly, Ag Venture's motion for summary judgment on that basis is DENIED.

Michael Montagne also argues in his opposition papers that recoupment is properly characterized as a counterclaim (AP # 08-1023, doc. # 404, p. 8). He is correct: recoupment is recognized as "a species of counterclaim" under Vermont law, although it is limited to use "as a defensive device to defeat or diminish the plaintiff's recovery." Queechee Lakes Corp. v. Terrosi, 141 Vt. at 551, 451 A.2d at 1082.[7] Ag Venture has not demonstrated that it is entitled to judgment as a matter of law on whether recoupment is available as a counterclaim under Vermont law, and accordingly, its motion for summary judgment on that basis is DENIED.

### CLAIMS IN ADVERSARY PROCEEDING AP # 08-1022

Having addressed Ag Venture's motion for summary judgment as it relates to Michael Montagne's counterclaims in adversary proceeding # 08-1023, the Court next turns to Ag Venture's summary judgment motion as it relates to Michael Montagne's claims in adversary proceeding AP # 08-1022.

**F.      Objection to Proof of Claim**

Count I of Michael Montagne's complaint asserts an objection to Ag Venture's claim on the grounds that Ag Venture's conduct constitutes multiple breaches of contract and a breach of the implied covenant of good faith and fair dealing (AP # 08-1022, doc. # 1, ¶¶ 75–76; doc. # 156). The Court addressed above Mr. Montagne's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing (see §§ A and B, supra). There is no need for the Court to address Michael Montagne's claims against Ag Venture a second time simply because they are repeated in the context of a companion adversary proceeding (AP # 08-1022), particularly given that the Court has indicated its intent to "treat [Michael Montagne's] answer, affirmative defense and counterclaim in adversary proceeding # 08-1023 as the Debtor's objection to Ag Venture's proof of claim, on all grounds asserted therein" (AP # 08-1023, doc. # 451, p. 4; AP # 08-1022, doc. # 154, p. 4). If the Court were to address them here, it would be a repetition of its rulings on the merits of the corresponding counterclaims, above.

**G.      Preference**

Ag Venture argues that Michael Montagne's claim for preference fails as a matter of law because there is no evidence specifying which transfer to Ag Venture occurred within ninety days of Michael

---

[7] Michael Montagne also asserts recoupment as an affirmative defense (AP # 08-1023, doc. # 113, p. 9).

Montagne's bankruptcy filing, or articulating how the transfer enabled Ag Venture to receive more than it would be entitled to receive in a chapter 7 liquidation proceeding[8] (AP # 08-1022, doc. # 119, p. 11).

The pertinent statute provides that a trustee or debtor-in-possession may avoid a transfer of an interest of the debtor in property

(1) to or for the benefit of a creditor;
(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;
(3) made while the debtor was insolvent;
(4) made –
   (A) on or within 90 days before the date of the filing of the petition; or
   (B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and
(5) that enables such creditor to receive more than such creditor would receive if –
   (A) the case were a case under chapter 7 of this title;
   (B) the transfer had not been made; and
   (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

11 U.S.C. § 547(b).

Michael Montagne alleges in his complaint and opposition papers that Ag Venture received four preferential transfers fewer than ninety days before Michael Montagne filed his bankruptcy petition; they relate to Loan # 36, Loan # 584, and Loan # 517, as well as a pre-closing account (AP # 08-1022, doc. # 1, ¶¶ 12–19, 35–36; doc. # 129, p. 9; doc. # 156).  It is undisputed that in or about September 2008, Ag Venture applied payments to Loan # 36 as indicated in Ag Venture's summary of application of escrow proceeds, which indicates that payments were applied to pay off $109,932.41 in principal and $3,445.15 in interest, leaving $4,176.36 (see Undisputed Facts ¶ 22, supra).  It is further undisputed that on or about September 26, 2008, Ag Venture applied payments (1) to Loan # 584 as indicated in Ag Venture's summary of application of escrow proceeds, which indicates that payments were applied to pay off $299,997.96 in principal and $14,633.57 in interest, totaling $314,631.53; (2) as indicated in Ag Venture's summary of application of escrow proceeds, which indicates that payments were applied to Loan # 517 to pay off $99,348.04 in principal and $2,319.12 in interest, totaling $101,667.16; and (3) as indicated in Ag Venture's summary of application of escrow proceeds, which indicates that payments were applied to a pre-closing account to pay off $183,959.08 in principal and $23,073.41 in interest,

---

[8] Ag Venture also argues that Michael Montagne must prove that the general unsecured creditors would receive less than 100% of their claims as a result of the transfers in order to succeed on a preference claim (AP # 08-1022, doc. # 131, p. 3).  The Illinois case that Ag Venture cites in support of its argument is easily distinguishable, as the creditor to whom the transfer had been made in that case was itself a general unsecured creditor.  See Maxwell v. IDC (In re MarchFirst, Inc.), 381 B.R. 689, 695 (Bankr. N.D. Ill. 2008).  The Court finds Ag Venture's argument on that particular point to be inapposite here.

totaling $207,031.49 (see Undisputed Facts ¶ 23–25, supra).  Michael Montagne further alleges in his complaint as amended that "[w]ithin 90 days prior to [Michael Montagne's] bankruptcy petition, to wit, on or about September 26, 2008, Ag Venture withdrew funds from the said escrow account . . . [and] applied those funds to pay in full the claimed outstanding balance of Loan Nos. 36, 442, 517 and 584 as well as the so-called pre-closing advances account, and to make part payment on the claimed outstanding balance of Loan No. 516" (AP # 08-1022, doc. # 147-2, ¶ 12E; doc. # 156).  Ag Venture is not entitled to judgment as a matter of law because there is evidence of what transfers Ag Venture received within ninety days of Mr. Montagne's bankruptcy filing, and Ag Venture fails to identify undisputed material facts that constitute a basis for judgment in its favor as a matter of law on this aspect of the preference claim.  Accordingly, Ag Venture's motion for summary judgment on that basis is DENIED.

Michael Montagne also alleges in his opposition papers that "[i]t is clear that payment to Ag Venture of unenforceable or unsecured claims results in Ag Venture being in a better position than if claims for such amounts were asserted in a Chapter 7 case" (AP # 08-1022, doc. # 129, pp. 9–10).  Mr. Montagne's argument presumes that the promissory notes underlying Loan ## 36, 442, 516, 517, 584, and the pre-closing account are unenforceable, and that at best Ag Venture has an unsecured claim.  However, the Court has not yet made a determination as to whether the notes and/or account are enforceable.  This is essential to a determination of the preference claim. Ag Venture has thus not demonstrated that it is entitled to judgment as a matter of law on whether the transfers enabled Ag Venture to receive more than it would be entitled to in a chapter 7 case, and Ag Venture fails to identify undisputed material facts that constitute a basis for judgment in its favor on this aspect of the preference claim as a matter of law. Accordingly, Ag Venture's motion for summary judgment on that basis is DENIED.

The Court previously indicated that it shall "expect Ag Venture to proceed first with its proof at trial" (AP # 08-1023, doc. # 451, p. 4; AP # 08-1022, doc. # 154, p. 4), and the Court shall expect Mr. Montagne to present his proof thereafter.  Based upon the ruling herein, the Court will address Michael Montagne's preferential transfer cause of action after it hears all of the evidence in connection with adversary proceeding # 08-1023 and reaches a decision as to whether the pertinent Ag Venture notes and accounts are enforceable.

**H.      Money Damages**

Count VI of Michael Montagne's complaint seeks an award of money damages for Ag Venture's alleged breaches of contract and breach of the implied covenant of good faith and fair dealing (AP # 08-1022, doc. # 1, ¶ 89; doc. # 154).  The Court addressed above Mr. Montagne's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing in adversary proceeding #

08-1023 (see §§ A and B, supra).  There is no need for the Court to address Michael Montagne's claims against Ag Venture a second time simply because they are repeated in the context of a companion adversary proceeding (AP # 08-1022), particularly given that the Court has indicated its intent to "treat [Michael Montagne's] answer, affirmative defense and counterclaim in adversary proceeding # 08-1023 as the Debtor's objection to Ag Venture's proof of claim, on all grounds asserted therein" (AP # 08-1023, doc. # 451, p. 4; AP # 08-1022, doc. # 154, p. 4).  If the Court were to address them here, it would be a repetition of its rulings on the merits of the corresponding counterclaims, above.

## CONCLUSION

For the reasons set forth above, Ag Venture's motion for summary judgment on Michael Montagne's claims and counterclaims is GRANTED in part and DENIED in part.

Ag Venture's motion for summary judgment on Michael Montagne's counterclaim in adversary proceeding # 08-1023 for **breach of contract** is GRANTED and judgment shall be entered in favor of Ag Venture on the issue of whether Michael Montagne may obtain relief based on damages in the form of lost profits from the purchase of additional cows caused by Ag Venture's failure to properly disburse the Loan # 321 loan proceeds.  Ag Venture's motion for summary judgment on Michael Montagne's counterclaim for breach of contract is DENIED in other regards.  Therefor, the parties may present evidence at trial on the following issues (unless stipulations are filed as to these matters before trial):

(1)     which contracts Michael Montagne claims Ag Venture breached;

(2)     whether Michael Montagne provided consideration or a reciprocal promise in exchange for Ag Venture's "best efforts" promise in the December 2006 agreement;

(3)     whether Ag Venture breached the Loan # 321 loan agreement by failing to disburse the loan proceeds as required by the loan agreement;

(4)     whether Ag Venture breached the Loan # 516 loan agreement by failing to disburse the loan proceeds as required by the loan agreement;

(5)     whether Ag Venture breached the December 2006 agreement by failing to use its best efforts to provide Michael Montagne with a refinancing of all his farm debt; and

(6)     whether as a result of Ag Venture's breach of contract Michael Montagne suffered damages in the form of loss of equity resulting from increase in debt service load, foreclosure of property, lost revenues from the sale of his cow herd, loss of the ability to obtain credit elsewhere, lawsuit and attachment by BBI, and increased income taxes resulting from sale of the herd.

Ag Venture's motion for summary judgment on Michael Montagne's counterclaim in adversary proceeding # 08-1023 for **breach of the implied covenant of good faith and fair dealing** is GRANTED.

Ag Venture's motion for summary judgment on Michael Montagne's counterclaim in adversary proceeding # 08-1023 for **negligence** is GRANTED and judgment shall be entered in favor of Ag Venture on the issue of whether Michael Montagne may obtain relief based on Ag Venture's conduct in connection with the underwriting of the loans at issue other than its conduct as financial advisor to Michael Montagne, and damages for emotional distress.  Ag Venture's motion for summary judgment on Michael Montagne's counterclaim for negligence is DENIED as to whether Ag Venture owes a duty of care to Michael Montagne as his financial advisor that could give rise to the exception to the economic loss rule.

Ag Venture's motion for summary judgment on Michael Montagne's counterclaim in adversary proceeding # 08-1023 for **promissory estoppel** is DENIED.  The parties may present evidence on this counterclaim at trial.

Ag Venture's motion for summary judgment on Michael Montagne's counterclaim in adversary proceeding # 08-1023 for **recoupment** is DENIED.  The parties may present evidence on this counterclaim at trial.

Ag Venture's motion for summary judgment on Michael Montagne's claim in adversary proceeding # 08-1022 for **preferential transfer** is DENIED.  The parties may present evidence on this claim at trial, after the Court determines whether the notes and account are enforceable.

The Court has considered all of the arguments of the parties, and to the extent any argument is not specifically addressed herein it is because the Court has found it to be without merit.

This memorandum of decision constitutes the Court's findings of facts and conclusions of law.


May 18, 2010                                          Colleen A. Brown
Burlington, Vermont                                  United States Bankruptcy Judge